# GUSS v. NELSON.

APPEAL FROM, AND IN ERROR TO, THE SUPREME COURT OF THE TERRITORY OF OKLAHOMA.

No. 124.  Argued December 12, 1905.—Decided January 15, 1906.

*Oklahoma City* v. *McMaster*, 196 U. S. 529, followed, to effect that the review by this court of final judgments in civil cases of the Supreme Court of Oklahoma is by writ of error under § 9 of the act of May 2, 1890, 26 Stat. 81, and not by appeal.  The act of 1874 in regard to territorial courts does not apply.

An option to purchase if the buyer likes the property is essentially different from one to return the property and cancel the contract; in the former case title does not pass until the option is determined, in the latter it passes at once, subject to the right to rescind; and, as held in this case, if the option to rescind is not exercised, and the property returned according to its terms, the sale is complete, and the promise to pay the balance of the purchase price becomes absolute.

On May 28, 1900, at Guthrie, Oklahoma Territory, the parties to this action entered into the following contract:

"Memorandum of agreement made and entered into this 28th day of May, 1900, to wit, as follows: J. T. Nelson agrees on his part to turn over 25 per cent of the capital stock of the following coal companies located in the Creek Nation, to wit: Sapulpa, Choctaw, Catoosa, Wewoka, Red Fork, Neyaka, Concharty, Tulsa, Car Creek and Broken Arrow Mining Companies, to the following persons: U. C. Guss, W. H. Gray, F. H. Greer and J. W. McNeal.  The consideration of the delivery under which the above listed stock and other stock as hereinafter described is as follows: This also includes the delivery of the records belonging to each of said above-named companies, the seals and other records that in any way belong to any of said companies.  A payment of $500 is to be made in cash upon delivery of the above-named property, and additional property in the way of stock hereinafter listed.  The

$500 is to be considered an option on all said property until the 4th day of March, 1901. At that date the above-named parties are to pay to Nelson an additional sum of $4,500.00 (four thousand five hundred dollars), or in lieu thereof to turn back to said Nelson all the property delivered by him. In addition to the above-mentioned 25 per cent of the capital stock aforesaid, which the said J. T. Nelson represents he owns in his own right, he agrees to turn over and deliver enough more stock to make the aggregate sum of stock delivered by him under this contract as follows:"

(Here follows a list of companies and number of shares of stock in each.)

"The $500.00 above mentioned is to be earnest money, to be forfeited in case the balance of payment is not paid. Nelson also agrees to give U. C. Guss his proxy as director in each of the above-named companies until such time as it may be convenient for him to resign and Guss or some one else be elected to fill the vacancy."

On April 6, 1901, Nelson brought suit in the District Court of Logan County, Oklahoma Territory, to recover the additional sum named in the contract. After answer the case was tried by the court without a jury, and judgment rendered in his favor on February 20, 1903, for $4,500 and interest. This was affirmed by the Supreme Court of the Territory, 14 Oklahoma, 296, and its judgment was brought here both by appeal and writ of error.

*Mr. A. G. C. Bierer,* with whom *Mr. Frank Dale* was on the brief, for appellants and plaintiffs in error:

The Supreme Court of the Territory, as well as the trial court, fell into error and failed to take a correct view of the contract, which was the basis of the action. The contract was not for a sale and transfer of the stock. It was simply one wherein the parties on the one hand contracted for a right to purchase, and on the other, for the consideration named, agreed to waive the right to sell the stock to other persons until after

the expiration of the time named in the contract. *Stevens* v. *Hertzler*, 19 So. Rep. 838, distinguished. See *Wailes* v. *Howison* 93 Alabama, 375; *Ide* v. *Leiser*, 24 Pac. Rep. 695; *Gordon* v. *Kollock*, 43 California, 564; *Sargent* v. *Gile*, 8 N. H. 325; *Music House* v. *Dusenbury*, 27 S. Car. 464; *Streeper* v. *Williams*, 48 Pa. St. 450.

If the contract were other than a mere option to purchase on March 4, 1901, it has been complied with. Appellants have been ready and willing ever since that day to turn back to him everything received from Nelson. They determined by that day not to purchase this stock and not to pay the $4,500, but to return the stock. This is undenied, but the court held that they were bound either to return the stock, seals, etc., to Nelson at Fort Smith, or wherever he might happen to be that day, or to pay the $4,500. This is not the law. The contract did not stipulate where they were to turn the property back to Nelson. 2 Coke Littleton, 55; *Smith* v. *Smith*, 25 Wend. 405; *Allhouse* v. *Ramsey*, 6 Whart. (Pa.) 331; *Hale* v. *Patton*, 60 N. Y. 236; Bacon Abrid't, *sub*. Tender, c; *Hill* v. *Bradley*, 21 Minnesota, 20; *Tasker* v. *Bartlett*, 5 Cushing, 359; *Jones* v. *Perkins*, 20 Mississippi, 139; *Wilmouth* v. *Patton*, 5 Kentucky, 280; *Burns* v. *McCubbin*, 3 Kansas, 212; 3 Schouler Per. Pr. 281; *Patterson* v. *Jones*, 13 Arkansas, 69; *Howard* v. *Minot*, 20 Maine, 330.

Time of turning back to Nelson of the stock, certificates and stock, paraphernalia received by defendants was not of the essence of the contract, and substantial compliance was made, and is all that was required. Section 850, Stat. Oklahoma, 1893, 219.

The retention of the royalty by the defendant McNeal as treasurer of these corporations is immaterial here.

*Mr. W. R. Biddle, Mr. W. P. Dillard, Mr. Selwyn Douglas, Mr. George S. Green* and *Mr. H. B. Martin* for appellee and defendant in error:

The appeal may be disregarded because the proper method of obtaining a review in the Federal Supreme Court of the final

judgment of the Oklahoma Supreme Court under the act of May 2, 1890, is by writ of error and this court has no jurisdiction of the appeal. *Oklahoma City* v. *McMaster*, 196 U. S. 529; *Heicht* v. *Boughton*, 105 U. S. 235.

There are no special findings of fact or conclusions of law. The Supreme Court of Oklahoma failed to make findings of fact or conclusions of law and no declarations of law nor request to make findings of fact were requested of said courts. As there are no exceptions in this record that are suggested by the assignments of error herein, it is clearly evident that this court must affirm the judgment. *Marshall* v. *Burtis*, 172 U. S. 630; *Salina Stock Co.* v. *Salina Creek Co.*, 163 U. S. 109; *Cohn* v. *Daly*, 174 U. S. 539; *Cannon* v. *Pratt*, 99 U. S. 619; *Thompson* v. *Ferry*, 180 U. S. 484; *Saltonstal* v. *Birtwell*, 150 U. S. 417; *Stoner* v. *United States*, 164 U. S. 380.

A contract to return certain shares of stock within a time limited, or pay a fixed amount per share therefor, is not a bailment, and upon a failure to return the stock within the limit, the holder becomes liable for the amount agreed upon. *Haskins* v. *Dern*, 56 Pac. Rep. 953; *Stephen* v. *Hertzler*, 19 So. Rep. 838; 21 Am. & Eng. Ency. of Law, 647; *Foley* v. *Felrath*, 98 Alabama, 176; *Transportation Co.* v. *Kavanaugh*, 93 Alabama, 324; *Buswell* v. *Bicknell*, 35 Am. Dec. 262.

Transfer of chattels, by which an option is given to the transferee, either to return or pay for the same by a certain day, is a valid sale and vests the property in the transferee. *Crocker* v. *Gullifer*, 44 Maine, 491; *McKinney* v. *Bradlee*, 117 Massachusetts, 322; *Hunt* v. *Wyman*, 100 Massachusetts, 198; *Potter* v. *Lee*, 53 N. W. Rep. (Mich.) 1047; *Henderson* v. *Wheaton* 28 N. E. Rep. (Ill.) 1100; *Tex. Pac. Ry.* v. *Marlor*, 123 U. S. 687; *Orvis* v. *Waite*, 58 Ill. App. 504; *Page* v. *Shainwald*, 62 N. E. Rep. (N. Y.) 356; 5 Wait, Actions & Defenses, *sub*. Sale or Return, citing *Moss* v. *Sweet*, 16 Ad. and El. (N. S.) 493; *Jameson* v. *Gregory*, 4 Metc. (Ky.) 363; *Spickler* v. *Marsh*, 36 Maryland, 222; *Schlesinger* v. *Stratton*, 9 R. I. 578; *Buffum* v. *Marry*, 3 Massachusetts, 478; *Chamberlain* v. *Smith* 44

Pa. St. 431; *Hall* v. *Etna Mfg. Co.*, 30 Iowa, 215; *Crocker* v. *Gullifer*, 44 Maine, 491.

Mr. Justice Brewer, after making the foregoing statement, delivered the opinion of the court.

The appeal must be dismissed. *Oklahoma City* v. *McMaster*, 196 U. S. 529.

Considering the writ of error, we remark that no rulings were made in respect to the admission or rejection of testimony presenting anything worthy of consideration. No special findings of fact were made by either the District or Supreme Court, the former finding generally the issues in favor of the plaintiff and rendering judgment upon such general finding, and the latter merely discussing the right of recovery upon the pleadings and such general finding.

Plaintiffs in error contend that this is a mere option contract, and that no liability could attach to them except upon an election to purchase the property, which they never made, but, on the contrary, declined to make, and notified the plaintiff thereof by letter. They call attention to the clause providing that "the $500 is to be considered an option," refer to the fact that there is nothing in the contract in terms mentioning "sale" or "purchase." There is always danger in applying a generic term to a contract and then subjecting it to the general rules controlling contracts of that nature, irrespective of its special stipulations. While an option is given by the contract, and the price paid for the option is named, yet it contains other clauses which are equally binding and from which liability arises. Option contracts are not all alike. As said in *Hunt* v. *Wyman*, 100 Massachusetts, 198, 200, quoted approvingly by this court in *Sturm* v. *Boker*, 150 U. S. 312, 329:

"An option to purchase if he liked is essentially different from an option to return a purchase if he should not like. In one case the title will not pass until the option is determined; in the other the property passes at once, subject to the right to rescind and return."

In the contract before us, while an option running until the fourth of March, 1901, is given, for which $500 is to be paid, the stipulation for such option is followed by this: "At that date the above-named parties are to pay to Nelson an additional sum of $4,500 (four thousand five hundred dollars), or in lieu thereof to turn back to said Nelson all the property delivered by him." Here is an absolute promise on the part of plaintiffs in error to pay an additional sum of $4,500 at a specified date, or in lieu thereof to turn back the property. They did not return the property. The amount to be paid and the time of the payment are expressly named, and that stipulation in the contract is as significant and binding as any other. It shows that the option given is an option to return, and that if it is not exercised at the time named the sale is complete, and the promise to pay the balance of the purchase price becomes absolute. This construction of the contract is reinforced by the fact that not only was the stock to be delivered to the plaintiffs in error, but also Nelson agreed to give, and did give, his proxy as director in each of the companies, so that the possession of the stock and all the rights which attached to it passed to the plaintiffs in error, to be exercised by them subject to the right at any time before the fourth of March to return the property. *Haskins* v. *Dern*, Supreme Court of Utah, 19 Utah, 89, is directly in point.

We see no error in the ruling of the Supreme Court of Oklahoma, and its judgment is

*Affirmed.*

MR. JUSTICE McKENNA took no part in the decision of this case.