### In re SCHINDLER.

#### (District Court, S. D. New York. December 28, 1907.)

BANKRUPTCY—PROPERTY VESTING IN TRUSTEE—SALES—MEMORANDUM TRANSACTIONS—SALE OR RETURN.

Where goods were delivered to a bankrupt on memorandum, the expectation of both parties being that, if the bankrupt signified his desire to keep the goods within 30 days from delivery, they should be charged to him, otherwise they should be returned, the transaction constituted a "sale or return," the title remaining in the seller until the expiration of the buyer's option, so that, on the buyer's becoming a bankrupt, the seller was entitled to a return of all such goods as had been delivered to the bankrupt within 30 days prior to the filing of the bankruptcy petition.

A petition in bankruptcy was filed against Schindler October 23d. On the previous September 21st he obtained from Dommerich & Co. certain goods "on memorandum," and in like manner obtained certain other goods on September 30th. By this motion Dommerich & Co. seek to recover the merchandise, alleging that when the petition was filed the title to the same was in them.

James, Schell & Elkus, for Dommerich.
Engel, Engel & Oppenheimer, for receiver in bankruptcy.

HOUGH, District Judge. The inquiry concerns the nature of "memorandum" transactions now so common in mercantile circles. The question is primarily one of fact, and from the affidavits submitted I find that the goods when delivered were accompanied by an invoice, stating their delivery on "memorandum," and declaring them to be at risk of the person to whom delivery made. The invoice did not state any charge against Schindler, but did give the price per yard of the material delivered. The expectation of both parties was that, if Schindler signified his desire to keep the goods within 30 days from delivery, they would be charged to him on the vendor's books. If he did nothing, they were charged as of course at the expiration of the 30-day period. Within 30 days the goods could be returned without liability on Schindler's part. So far as the bankrupt was concerned, he preferred to take goods on memorandum rather than by immediate purchase, chiefly, if not wholly, because his term of credit would run from the end of the 30-day period rather than from date of delivery. This desire of his does not in my opinion change the legal result. Schindler had a 30-day option to purchase the goods if he liked. The privilege of return rested entirely with him, and was not dependent upon any act of Dommerich's. It was therefore a contract of "sale or return" of the kind described as a purchase if the purchaser likes, and within the ruling of Hunt v. Wyman, 100 Mass. 198, approved in Sturm v. Boker, 150 U. S. 329, 14 Sup. Ct. 99, 37 L. Ed. 1093, and again in Guss v. Nelson, 200 U. S. 302, 26 Sup. Ct. 260, 50 L. Ed. 489, and also followed in Carter v. Wallace, 35 Hun, 189. Title did not pass to Schindler until the exercise or expiration of his option; expiration being by agreement the equivalent of affirmative action.

The receiver will therefore surrender the goods received on September 30th, and the motion will be denied as to the goods delivered on September 21st.