### In re ALLEN.

### In re HEIM BREWERY CO.

(District Court, E. D. Arkansas, W. D.   November 23, 1910.)

#### No. 1,249.

**1. BANKRUPTCY (§ 140\*)—PROPERTY PASSING TO TRUSTEE—CONSTRUCTION OF CONTRACT—BAILMENT OR SALE.**

Bankrupt, a liquor dealer, purchased bottled beer in cases, in car load lots, from petitioner, a brewing company, under a written contract fixing the price per case, including the bottles and cases, but providing that petitioner should "allow a rebate of $1.50" for each case of empty bottles returned; that the bankrupt should pay the net price for the beer only, but should "pay cash for all cases or bottles not returned." *Held,* that such contract was not one of bailment as to the cases and bottles, but of sale and return, under which the title passed to the bankrupt and as to cases and bottles on hand to his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.\*]

**2. BAILMENT (§ 1\*)—DEFINITION.**

A "bailment" is a delivery of goods in trust upon a contract, express or implied, that the trust shall be duly executed and the goods restored by the bailee as soon as the purpose of the bailment shall be served.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 1–12; Dec. Dig. § 1.\*

For other definitions, see Words and Phrases, vol. 1, pp. 673–676.]

**3. SALES (§§ 1, 24\*)—"CONTRACT OF SALE"—"OPTION TO PURCHASE"—"OPTION TO RETURN."**

A "contract of sale" is when there is an agreed price, a vendor, a vendee, an agreement of the former to sell for the agreed price, and an agreement of the latter to buy and pay the agreed price. An "option to pur-

chase" is merely an agreement whereby the vendee may, upon compliance with certain terms and conditions, become the owner of the property; the vendor giving him that option. An "option to purchase" differs from an "option to return" in that in the former the property does not pass, while it does pass in the latter subject to the right to rescind.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 49–51; Dec. Dig. §§ 1, 24.*

For other definitions, see Words and Phrases, vol. 2, pp. 1531–1534; vol. 8, p. 7616; vol. 6, pp. 5000–5002; vol. 8, p. 7739; vol. 2, p. 929.]

4. SALES (§ 4*)—"BAILMENT" DISTINGUISHED.

A transaction is a "sale," as distinguished from a "bailment," when there is no obligation to return the specified article.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 7–11; Dec. Dig. § 4.*

For other definitions, see Words and Phrases, vol. 7, pp. 6291–6306; vol. 8, p. 7793.]

In the matter of John Q. Allen, bankrupt. On review of order of referee sustaining the petition of the Heim Brewery Company to reclaim property. Reversed.

The Heim Brewery Company filed its intervention for a number of casks and cases containing empty beer bottles in the possession of the trustee of the estate of the bankrupt, claiming to be the owner thereof and entitled to the immediate possession. The claim is based upon the following contract:

"Contract.

"Little Rock, Ark., April 22, 1910.

"This contract is entered into on this date between the Heim Brewery of Kansas City, Mo., and Allen & Kirkland, liquor dealers, Little Rock, Ark. Allen & Kirkland agree to purchase bottled beer in car load lots, f. o. b. Kansas City, Mo., at the following prices: Kyffhauser beer, 4 doz. small bottles in cases, $3.10. Kyffhauser beer, 2 doz. large bottles in cases, $3.10. Heim Brewery agrees to allow a rebate of $1.50 for each case of empty bottles returned to the Heim Brewery, containing either 4 dozen small, or 2 dozen large bottles, and pay return freight charges on all empty bottles to the Brewery in car load lots. It is mutually agreed that Allen & Kirkland are to pay the net price only on the bottled beer, but it is distinctly understood and agreed to by Allen & Kirkland that they pay cash for all cases or bottles not returned to the Heim Brewery, at the rate of $1.50 per case for either large or small bottles. It is further agreed that the dating on the first car of beer shipped to Allen & Kirkland is for sixty (60) days' credit, and every car thereafter is to be paid for in thirty days from date of the arrival of the beer in Little Rock Heim Brewery agrees to give Allen & Kirkland five cases of pints free in each car to aid in drayage and advertising same, and also a two per cent. discount on all cars of beer they pay for in thirty days from the arrival of said beer in Little Rock, which includes the first car shipped.

"[Signed]                                                    John Q. Allen.
                                                              "D. O. Kirkland."

The trustee denied that under the contract the intervener was the owner of the property, but insists that the property claimed belongs to the bankrupt's estate.

The cause was submitted upon an agreed statement of facts, which shows that under that contract the bankrupt bought large quantities of beer from the intervener; that the beer was delivered in cases containing bottles and in casks containing bottles bearing the individual brand and registered copyright of the intervener; that a part of said casks, cases, and bottles have been returned; but that the trustee is now in possession of a number claimed by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the intervener. Upon a hearing before the referee, he found in favor of the intervener. The cause now comes before the court on petition for review by the trustee.

William H. Rector, for intervener.
G. A. McConnell, for trustee.

TRIEBER, District Judge (after stating the facts as above). On behalf of the intervener, it is claimed that, until the articles claimed are paid for by the vendee, it is merely a bailment, and he is entitled to a return of them, or, at most, that it was an option to purchase. On the other hand, it is claimed on the part of the trustee that it was a contract of "sale and return."

A "bailment" is properly defined as being a delivery of goods in trust upon a contract, express or implied, that the trust shall be duly executed and the goods restored by the bailee as soon as the purpose of the bailment shall be served. 2 Kent, Com. 558.

On the other hand, a "contract of sale" is when there is an agreed price, a vendor, a vendee, an agreement of the former to sell for the agreed price, and an agreement of the latter to buy and pay the agreed price. An "option to purchase" is merely an agreement whereby the vendee may, upon compliance with certain terms and conditions, become the owner of the property; the vendor giving him that option.

The leading case upon which the intervener relies is Westcott v. Thompson, 18 N. Y. 363. In that case the contract was for the sale of beer and provided for the sale of the beer to the vendee at a certain price. The beer was to be shipped in barrels and the barrels to be returned to the plaintiff when emptied of the beer, and if not returned the vendee was to pay for every barrel not returned the sum of $2, and thereupon become the owner thereof. On the other hand, in the case at bar, the contract provides that the vendee is to be charged and pay for the cases and bottles, but in case he wishes to return any of the cases and empty bottles he is to be allowed a rebate on his bill of $1.50 for each case of empty bottles returned to the intervener.

Is this an option to purchase or a contract of sale and return? The distinction between these two forms of agreement has been aptly pointed out in Hunt v. Wyman, 100 Mass. 198, as follows:

"An option to purchase if he liked is essentially different from an option to return a purchase if he should not like. In one case the title would not pass until the option is determined; on the other hand, the property passes at once, subject to the right to rescind and return."

See, also, Guss v. Nelson, 200 U. S. 298, 26 Sup. Ct. 260, 50 L. Ed. 489; In re Schindler (D. C.) 158 Fed. 458; Hotchkiss v. Higgins, 52 Conn. 205, 52 Am. Rep. 582; Martin v. Adams, 104 Mass. 262.

Applying this rule to the contract between the intervener and the bankrupt, it clearly appears that it was not an option to purchase, but a contract of sale and return, while, on the other hand, the contract in Westcott v. Thompson was merely an option to purchase. In the latter case it was optionary with the vendee to keep the empty barrels

and pay the sum of $2 for each barrel kept by him or to return them. In the case at bar the bankrupt was charged and promised to pay for the cases and bottles unless he desired to return the same, and if he did he was to be paid or given credit on his account therefor the sum of $1.50 for each case and bottles therein.

Great stress is laid upon the fact that under the contract the bankrupt was to pay the net price only on the bottled beer, still the charge was made against him, and until he returned them he was liable to the intervener who had a cause of action against him. In Herryford v. Davis, 102 U. S. 235, 26 L. Ed. 160, the contract between the parties spoke of the cars sold as being leased until paid for, but notes were executed by the vendee for the full purchase money. The cars, before they were paid for, having been seized under execution, the vendor claimed them as his property, but the court held that calling it a lease did not make it so, nor was it a conditional sale, but merely an attempt to retain a lien for the purchase money, and, the same not having been recorded as required by the laws of the state of Missouri, it was void as against creditors.

In Re Rahilly v. Wilson, 3 Dill. 420, Fed. Cas. No. 11,532, grain was stored in a warehouse with the understanding that it should be sold by the warehouseman, and when the depositor would surrender the receipt therefor the warehouseman had the right to return an equal amount of grain of equal quality or pay the then market price of the grain. Upon these facts it was held by Judge Dillon that it was a sale and not a bailment. The distinction between bailments and sales is clearly shown by the opinion of that eminent jurist, who carefully reviews the authorities on that subject.

In Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093, the court held that "a transaction is a 'sale,' as distinguished from a 'bailment,' when there is no obligation to return the specified article." In this case there was no obligation on the part of the bankrupt to return the property claimed by the intervener; but, if he saw proper, he had the right to do so and receive a credit for the amount specified in the agreement. If the property had been destroyed by fire or by any other cause, even if without any fault or negligence on the part of the bankrupt, the loss or destruction would still have fallen on him. This is the rule applicable to contracts of sale and return. Moss v. Sweet, 16 Q. B. 493; Martineau v. Kitching, L. R. 7 Q. B. 436; Schlesinger v. Stratton, 9 R. I. 578.

As this was a contract of sale and return and not a mere option to purchase, nor a bailment in any sense, the title passed to the bankrupt, and the trustee is entitled to the possession of the property.

The finding of the referee will be set aside, and judgment entered dismissing the intervention, with costs.