Puerto Rico Paper Bag Company, demandante y apelante, *v.* Tesorero de Puerto Rico, Hon. Rafael Sancho Bonet, y Procurador General de Puerto Rico, Hon. Benigno Fernández García, demandados y apelados.

Núm. 7672.—*Sometido:* Abril 7, 1938. *Resuelto:* Julio 30, 1938.

*R. Rivera Zayas* y *Joaquín Velilla,* abogados del apelante; *Hon. Procurador General B. Fernández García* y *V. Palés Matos, Procurador General Auxiliar,* abogados de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La demandante es una corporación organizada de acuerdo con las leyes de Puerto Rico que se dedica a "importar y exportar, comprar y vender, cortar y envasar papel de envolver para uso comercial, y fabricar y exportar, comprar y vender bolsas de papel para todos los usos comerciales, así como importar y exportar papel para hacer bolsas, fabricar papel para envolver y para la manufactura de bolsas de papel."

Amparándose en el inciso 11 de la sección 83 de la Ley núm. 83, aprobada el 6 de mayo de 1931 (pág. 505), solicitó de la corte de distrito que dictara una resolución o sentencia declaratoria interpretando la sección aludida, determinando la divergencia que existía entre dicha corporación y el Tesorero en cuanto a si sus artículos estaban o no incluídos dentro de los términos del antes referido inciso 11 de la sección 83 de la ley de igual número de 1931.

Por sentencia del día 26 de noviembre de 1937 se resolvió que no lo estaban y que, por lo tanto, la demandante venía obligada a pagar el impuesto del 2 por ciento por los artículos de su ramo que fabrique o venda en Puerto Rico, declarando además que la interpretación que a tal sección de la ley le dió el Tesorero es la correcta. Apeló la demandante y señala en su alegato como único error de la corte inferior el haber declarado que estaba obligada a pagar el 2 por ciento que por concepto de arbitrios imponen las secciones 16 a y 62 de la Ley de Rentas Internas, en contravención de la sección 83, inciso 11, de esa misma ley.

El inciso 11 de la sección 83 de la referida ley dice textualmente así:

"... *Disponiéndose, además*, que el impuesto establecido por las secciones 62 y 16 a de esta Ley no gravará:

". . . . . . . . . . . .

"11. La venta, uso o consumo de artículos importados o fabricados en el país que se utilicen como envases o en la presentación o

preparación de productos destinados para la venta o para la exportación, siempre que los citados artículos pasen con el producto a poder del comprador.' "

Interpretándolo la corte inferior en su opinión dijo lo siguiente:

"Todo este pleito gira alrededor de la interpretación del inciso 11 del artículo 83 de la Ley de Rentas Internas. La parte actora, según los términos de la estipulación, se dedica a 'importar y exportar, comprar y vender, cortar y envasar papel de envolver para uso comercial y fabricar y exportar, comprar y vender bolsas de papel para todos los usos comerciales, así como importar y exportar papel para hacer bolsas, fabricar papel para envolver y para la manufactura de bolsas de papel.' De modo que por los claros términos de la estipulación, la actora comercia en papel y bolsas de papel. Éste es su ramo de actividad. No vende otra cosa. Su contención es que como tales artículos vendidos pasan al consumidor con lo que envuelven, ella (la actora) no está obligada a pagar el 2 por ciento *ad valorem* que señala la ley sobre las ventas que haga.

"A nuestro juicio, éste es un caso claro de *lex scripta*. Cuando el envase tiene un fin comercial y pasa con el producto al consumidor o comprador, entonces no está sujeto al pago de arbitrio; en otro caso sí lo está. Esto es, cuando una persona fabrica artículos para ser vendidos a otras que los utilizan como envases, entonces es clara la aplicación del precepto de ley, ya que dichos artículos son objeto de comercio por sí solos. Para ilustrar: una persona que vende ropa de hombre importa un cargamento de cajas de cartón sobre las que está ya impreso el nombre de su casa comercial y que tienen por fin dichas cajas servir de envoltura a los trajes que vende; con la venta de cada traje la caja pasa a poder del comprador; tales envases no están sujetos al impuesto de la ley porque tienen un fin comercial, o sea el anuncio, la propaganda, del vendedor, y además, servir de envoltura al artículo vendido. Si por el contrario, un comerciante trae cajas, sin rótulo, membrete o indicación alguna, y vende estas cajas a personas que se dedican a negocios que las utilizan como envases o envolturas de los artículos que venden, en estas condiciones, como se venden vacías, no tienen fin alguno comercial y están sujetas al impuesto de la ley, porque el artículo por sí solo es objeto de comercio; el que no paga impuesto alguno es el comerciante que las compra para utilizarlas como envolturas o envases, y para éste es que se ha redactado el 2do. párrafo de la

sección 38 del reglamento, que parece es lo que ha originado en su interpretación este recurso. La situación de la parte demandante es clara e igual también la situación de la parte demandada. No creemos que la interpretación que le da el Tesorero a la ley la haga inconstitucional, ni dé motivo a multiplicidad de pleitos. Si algo significan las palabras 'siempre que los citados artículos pasen con el producto a poder del comprador,' que aparecen en el inciso 11 de la sección 83 de la ley, es lo que ilustramos con el ejemplo que dejamos expuesto y que no necesita mayor interpretación.''

Y con esa opinión estamos de perfecto acuerdo. La ley exime del pago del arbitrio aquellos artículos que ''pasen con el producto a poder del comprador,'' pero no los manufacturados por la demandante, que son por sí mismos objetos independientes de comercio.

*Por las razones expuestas se confirma la sentencia apelada.*

El Juez Asociado Señor De Jesús no intervino.