**In re H. & H. BEVERAGES, Inc.**
**No. 33182.**

District Court, W. D. New York.
May 20, 1942.

Rollin A. Fancher and Francis J. Moynihan, both of Jamestown, N. Y., for receiver.

Shire & Jellinek, of Buffalo, N. Y. (Joseph Swart, of Buffalo, N. Y., of counsel), for petitioner.

KNIGHT, District Judge.

Schreiber Brewing Co., Inc., brings this proceeding to reclaim certain beer cases and bottles claimed to have been held by the bankrupt under a bailment.

Petitioner is a licensed brewer. Rule 12, promulgated by the New York State Liquor Authority, pursuant to the authority of the Alcoholic Beverage Control Law of that state, Consol.Law N.Y.C. 3-B, provides: "Every licensee shall charge and collect, in conjunction with the sale of beer in re-usable containers, a deposit as hereinafter provided"; and "(2) Case lots in wooden, steel, fiber or other re-usable cases —A minimum deposit of seventy-five cents (75¢) per case containing (a) 24 bottles of 16 oz. or less capacity;" as the amount to be paid by licensees when purchasing and

to be required by licensees when selling or reselling beer in case lots. Petitioner sold the bankrupt beer bottled in wooden, reusable cases. The invoice to the purchaser showed the unit price for the beer and container separately, and the total of both. This invoice, also, contains at the bottom, this clause: "All cooperage remains the property of Schreiber Brewing Co., Inc. and is returnable for credit." A charge of 75¢ was included for each of the cases in suit.

Rule 12, supra, also provides: "(5) The deposit shall be included as part of the price of the beer and paid for at the same time. (6) No licensee shall refuse to redeem any reusable container of beer upon which a deposit has been made * * *." Rule 4 of the authority aforesaid reads: "1. No licensee shall sell, * * * any * * * beer * * * in containers unless marked, branded or labelled in conformity with this rule." Among other things, the name and address of the brewer are to be marked, branded or labelled. These cases or containers meet the requirements. The name and address of the petitioner were stenciled on the cases and the bottles had paper labels attached, which met the regulation authorized by law.

The Alcoholic Beverage Control Law, Sec. 101-a provides that beer must be paid for by cash and under the "Interpretations and Regulations" of this section, as made by the State Liquor Authority. "The cost or value of a container is regarded as part of the total amount of the sale, even though such cost is itemized separately on the invoice. Such amount must be paid in the same manner and time as the amount of the liquor, wine or beer sold."

This proceeding originated as an involuntary bankruptcy proceeding. The petitioner herein was one of the petitioners for an adjudication in bankruptcy. In the latter petition, the petitioner stated that "the claim of Schreiber Brewing Co., Inc. is for malt beverages sold and delivered to the alleged bankrupt in the sum of $1193.-83." After adjudication, and on November 29, 1941, this petitioner filed a claim in the bankruptcy proceeding in the amount of $1,193.83, stating the consideration therefor as "merchandise sold and delivered to the said H. & H. Beverages, Inc." Concededly this claim included the so-called deposit charge of 75¢ for each of the cases in question. The proof of claim recited that the creditor "has not, * * * had

or received any manner of security for said debt whatever." Thereafter the Receiver and Trustee herein petitioned for the sale of certain personal property in the estate of said bankrupt, including the cases in question. Upon the return date of the order to show cause issued thereon, the petitioner objected to the sale of the cases in question, claiming the ownership thereof.

The bankrupt was charged with the articles in the invoice pursuant to the rules and regulations of the New York State Liquor Authority in conformity with the Alcoholic Beverage Control Law of the State of New York. Rule 12 of such rules provides for the deposit as made here. It makes no provision requiring the return of the articles. It does state that the seller could not "refuse to redeem" the articles, provided they are returned in good condition, reasonable wear and tear excepted.

■■■ It seems to me that this case comes within the holding of In re Allen, D. C., 183 F. 172, wherein it appears that bottled beer in cases was sold and the sale price included the charge for the cases with the bottles and wherein it provided that the purchaser should be allowed a rebate for the articles upon their return to the seller. It was held this was an option to purchase. The distinction between an option and a purchase is pointed out in Hunt v. Wyman, 100 Mass. 198, in which it was said: "An option to purchase if he liked is essentially different from an option to return a purchase if he should not like. In one case the title would not pass until the option is determined; on the other the property passes at once, subject to the right to rescind and return." Again as held in Sturm v. Boker, 150 U.S. 312, 14 S. Ct. 99, 104, 37 L.Ed. 1093; a transaction is a sale as distinguished from a bailment "when there is no obligation to return the specified article." It was also said in Re Allen, supra [183 F. 175], that "in this case there was no obligation on the part of the bankrupt to return the property claimed by the intervener; but, if he saw proper, he had the right to do so and receive a credit for the amount specified in the agreement." See, also, Guss v. Nelson, 200 U.S. 298, 26 S.Ct. 260, 50 L.Ed. 489.

Petitioner introduced testimony to show that the value of an empty case with bottles is approximately 97¢ while the amount charged bankrupt was 75¢. In this respect it may be pointed out that Rule 12, supra, provides as a minimum deposit 75¢, thus

126

leaving to the licensee the option of charging more.

Petitioner also calls attention to the legend at the foot of the invoice: "All cooperage remains the property of Schreiber Brewing Co., Inc., and is returnable for credit.", and cites definitions of the word "cooperage" which indicate it would include cases. In this respect, however, it may be pointed out that the New York State Liquor Authority rules for minimum deposits on containers do not include kegs but only cases. Hence the matter of a deposit on kegs is left to the various licensees and might well account for the presence of such a statement on the invoice. Further, it does not seem to me that a reasonable interpretation of "cooperage" in this connection includes "cases."

The decision of the Referee is affirmed.