CROWN BEVERAGES INC., demandante y apelante, *v.* RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 9192.—*Sometido:* Febrero 7, 1946. *Resuelto:* Marzo 19, 1946.

*James R. Beverley, R. Castro Fernández y José López Baralt*, abogados de la apelante; *Hon. Procurador General E. Campos del Toro,* y *Nilita Vientós Gastón*, abogada del Departamento de Justicia, abogados ambos del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La Crown Beverages, Inc. demandó al Tesorero para que se le devolvieran ciertos arbitrios pagados bajo protesta. La corte de distrito dictó sentencia a su favor en cuanto a ciertas partidas y desestimó la demanda en cuanto a otras. La demandante apeló de la segunda parte de la sentencia.

## I

La sección 83 de la Ley de Rentas Internas([1]) disponía que el impuesto del 2 por ciento sobre venta o consumo "establecido por las secciones 62 y 16 *a* de esta Ley, no gravará: . . . (11) La venta, uso o consumo de artículos importados o fabricados en el país que se utilicen como envases o en la presentación o preparación de productos destinados para la venta o para la exportación, siempre que los citados artículos pasen con el producto a poder del comprador." La demandante trajo a Puerto Rico botellas y cajas vacías que utilizó para envasar y vender Coca Cola, ginger ale y agua de soda. Alegaba que estas botellas y cajas estaban exentas del pago de arbitrios, de conformidad con la sección 83.

La corte de distrito rechazó esta contención por dos motivos: (1) si una de las condiciones para exención, de con-

---

([1])Ley núm. 85, Leyes de Puerto Rico, 1925 (pág. 585), según quedó enmendada por la Ley núm. 83, Leyes de Puerto Rico, 1931 (pág. 505); Ley núm. 4, Leyes de Puerto Rico, 1939, Sesión Extraordinaria (pág. 17).

formidad con la sección 83, es que el título de propiedad del envase debe pasar al comprador, la exención no se aplica aquí, porque bajo los hechos de este caso el título a las botellas y cajas era reservado por la vendedora y no pasaba al comprador; (2) de cualquier modo, la sección 83 no se redactó con la idea de establecer ya sea la reserva o la trasmisión del título a los envases como el factor determinante en cuanto a la aplicabilidad de la exención. Más bien la Legislatura estableció como fórmula, independientemente de la reserva o la trasmisión del título, que la exención se aplicará solamente cuando el envase pasa definitivamente a la posesión del comprador, sin perspectiva de que vuelva a adquirirse por el vendedor para volverse a usar. Y como estas botellas y cajas pasaron a la posesión de los compradores sólo provisionalmente, la exención que se provee en la sección 83 no se aplica a ellas.[2]

En cuanto al primer motivo, la demandante alega que "la evidencia demostró que . . . tanto el título de propiedad sobre el producto como sobre el envase pasan al comprador desde el momento en que se efectúa la venta, con el derecho, en el comprador, de devolver el envase y la obligación, en la demandante apelante, de volverlo a adquirir si está en buenas condiciones." Esta contención está basada en cierta prueba de que en 1940 la demandante hizo ciertos cambios en sus sistemas de operaciones, contabilidad y facturas.

Con anterioridad al 1940, las botellas y cajas en manos de los clientes se llevaban a los libros de la demandante como un activo, con una cuenta de depreciación para cubrir rotu-

---

[2]La opinión de la corte de distrito sobre esta cuestión, expuesta sucintamente, dice como sigue: "La prueba demuestra que la demandante se reserva el título a las cajas y botellas en que envasa sus bebidas, y exige su devolución por el comprador, garantizando esa devolución mediante un depósito que se devuelve al comprador al recibir la demandante los envases. No cabe la menor duda, por lo tanto, de que los envases no pasan definitivamente a poder del comprador, quien sólo los tiene en su posesión provisionalmente. Entendemos que la frase 'pasen con el producto a poder del comprador' se refiere al caso corriente en que el comprador adquiere el envase definitivamente, y que por lo tanto no es aplicable al caso de las botellas y cajas del demandante."

ras o no devolución. Algunas veces—pero no siempre, debido a la competencia—se exigían depósitos para garantizar la devolución. Sin embargo, con o sin depósitos, la mayoría de las botellas y cajas se devolvían a los empleados de la demandante en sus visitas diarias a los clientes.

Después de inaugurarse el nuevo sistema en 1940, no se incluían como activos las botellas y las cajas, sino que se consideraban como materiales que formaban parte del producto. Sin embargo, aun bajo el nuevo sistema, en la práctica la mayoría de las botellas y cajas vacías son devueltas por el cliente al hacérsele nuevas entregas, en algunos casos lo mismo que bajo el viejo sistema, con un depósito permanente en manos del vendedor para afrontar roturas o pérdidas.

Las facturas usadas bajo el viejo sistema contenían un aviso al comprador al efecto de que él no estaba comprando las botellas y las cajas y que se comprometía a devolverlas o a pagar una suma razonable por las mismas. La demandante afirma que este sistema ha sido abandonado y que ahora tiene lugar la compra incondicional de las botellas y las cajas por el ·comprador. Pero esto no lo establecen las nuevas facturas, que contienen un aviso al efecto de que el título de propiedad sobre las botellas no pasa al comprador.(³) *Cf. Wichita Coca Cola Bottling Co.* v. *United States,* 152 F.2d 6 (C.C.A. 5th, 1945).

La prueba de la demandante no nos convence que la corte de distrito erró al sostener que aun bajo el nuevo sistema la demandante se reservaba el título a las botellas y envases. Tampoco encontramos aplicables, en vista de los hechos

---

(³)Este aviso lee como sigue: ''Nota: En el caso de botellas y cajas selladas o marcadas con el nombre de la compañía o marca de fábrica, el título de propiedad no se traspasa, aunque dichas botellas y cajas se hayan cobrado o cargado; tal cargo o cobro sólo representa un depósito para garantizar la devolución de dichas botellas y cajas. Este depósito será devuelto por la compañía cuando las botellas y cajas sean entregadas en buenas condiciones por el comprador.''

concurrentes, las autoridades citadas por la demandante(⁴)
para sostener su contención de que después de 1940 el título
pasó al comprador bajo contratos de compraventa o devo-
lución.

También convenimos con el segundo motivo expuesto por
la corte inferior para denegar esta reclamación de reembolso.
Estamos convencidos de que bajo el lenguaje de la sección
:83 ni la reserva ni la trasmisión del título. fueron tenidos
en mente para que constituyeran el factor determinante en
cuanto a la aplicabilidad de la exención. Creemos lo mismo
que la corte de distrito, que la sección 83 fué ideada para
que eximiera de tributación solamente los envases en rela-
ción con los cuales se pudiera demostrar que pasaron inde-
fectiblemente de las manos del vendedor sin que existiera
convenio alguno al momento de la venta de que el vendedor
asumiría nuevamente o podría asumir la posesión del envase
para volverlo a usar. Nos parece claro que la exención se
promulgó para beneficiar a aquellos cuyos productos exigían
envases que, por su frágil naturaleza o por alguna otra ra-
zón práctica o legal, están supuestos a usarse una sola vez.
''Pasar con el producto'' en esta ley significa que el vende-
dor, al entregar el producto envasado, considerando que el
envase es fungible, no tiene esperanza inmediata alguna de
volverlo a adquirir para usarlo otra vez. *Cf. Puerto Rico
Paper Bag Co.* v. *Sancho, Tes.,* 53 D.P.R. 776; *Puerto Rico
Ilustrado, Inc.* v. *Buscaglia, Tes.,* 64 D.P.R. 914, 942–44. Y
como la demandante, tanto bajo el viejo como el nuevo sis-
tema, siempre ha seguido una práctica por la cual readquiere
la posesión de sus botellas y cajas para usarlas otra vez, es-
.tos envases no pasan a la posesión de los compradores den-
tro del significado de la sección 83.

---

(⁴)*Annotation,* 52 A.L.R. 589; *In re Allen,* 183 F. 172 (Ark. 1910); *Buck*
v. *Commissioner of Internal Revenue,* 83 F.2d 627 (C.C.A. 9th, 1936); *People* v.
*Cannon,* 34 N.E. 759, 764 (N.Y. 1893); artículos 1363, 1631–2, Código Civil, ed.
1930.

Por tanto concluimos que por las dos razones expuestas por la corte de distrito, las botellas y cajas no están exentas, a virtud de la sección 83, del arbitrio de 2 por ciento que la demandante debe pagar una sola vez, de conformidad con la sección 16 a de la Ley de Rentas Internas. La corte de distrito no erró al negarse a ordenar la devolución de la cantidad de $1,772.33 por arbitrios e intereses y $148 por recargos pagados por las botellas y cajas.([5])

## II

█ La próxima cuestión es si unos anuncios de metal esmaltado que la demandante trajo a Puerto Rico para anunciar sus productos constituyen aparatos eléctricos para iluminación, que están gravados en un 10 por ciento por el inciso 19 de la sección 16 de la Ley de Rentas Internas.([6]) La corte inferior manifestó que el Tesorero llegó a la "sorprendente conclusión" de que los anuncios estaban sujetos a contribución por el inciso 19 en virtud del "hecho de que al anuncio van fijados dos brazos de metal que sostienen dos reflectores donde pueden colocarse bombillas para iluminar el anuncio. No es el anuncio un 'aparato para iluminación', sino un objeto que puede ser iluminado, como no es 'aparato para iluminación' el salón de cuyo techo cuelga una lámpara eléctrica. Pero al igual que la lámpara eléctrica que cuelga del techo del salón es un aparato eléctrico para iluminación, aunque carezca de bombilla y alambre, entendemos que en este caso los reflectores y los brazos que los sostienen constituyen aparatos eléctricos. No nos ofrece base la prueba para determinar qué parte de la contribución pagada corres-

---

([5]) Claramente no es de aplicación a los hechos de este caso la exención en cuestión. Pero aun de ser dudosa su aplicación, no podríamos decidir en favor de la demandante. "Las exenciones contributivas no pueden inferirse; deben consignarse específicamente en lenguaje claro e inequívoco." *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Tes.*, supra, pág. 918.

([6]) Ley núm. 85, según fué enmendada por la Ley núm. 108, Leyes de Puerto Rico, 1936 ((1) pág. 566).

ponde al valor del anuncio, y qué parte a los reflectores y los brazos que a éstos sostienen. La sentencia dispondrá que el demandado verifique la valoración de los reflectores y sus brazos, liquide la contribución correspondiente, y devuelva a la demandante la parte de la contribución que corresponda al valor del anuncio en sí, con los intereses correspondientes.''

La demandante insiste en que los brazos y reflectores, así como también los propios anuncios, no están cubiertos por el inciso 19. Arguye que son partes del anuncio, y que solamente el alambre eléctrico, el cubo y la bombilla caen dentro del significado de aparatos eléctricos. Pero el fin de los brazos y reflectores es iluminar el anuncio. Podría ser que se pudieran usar para otros fines; pero eso es inmaterial aquí. Basta decir que fueron introducidos para usarse y se usaron exclusivamente como parte necesaria de un artefacto para iluminación. Como tales, constituían aparatos eléctricos para iluminación. La corte de distrito por tanto no cometió error al negarse a ordenar la devolución de aquella parte de los $877.54 de arbitrios e intereses y de $80 por recargos que corresponde a los reflectores y brazos.

### III

La corte de distrito también resolvió que cierta maquinaria industrial pesada era tributable al 10 por ciento de conformidad con el inciso 27 de la sección 16 de la Ley de Rentas Internas, según quedó enmendada por la Ley núm. 108, Leyes de Puerto Rico, 1936 ((1) pág. 566), y se negó a ordenar la devolución de $9,190.26 en arbitrios e intereses y $319 por recargos. Ambas partes convienen en que esto fué un error en vista de nuestras decisiones en *Compañía Cervecera de Puerto Rico, Inc.* v. *Buscaglia, Tes.*, 64 D.P.R. 964, y *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Tes.*, supra. Sin embargo, existe controversia en cuanto a si la demandante ya había pagado de conformidad con la sección 16 *a*

el arbitrio de 2 por ciento que ya hemos resuelto· debió pagar tal maquinaria, antes de exigírsele que pagara las sumas que aquí reclama. Cuando devolvamos el caso a la corte de distrito para que calcule los arbitrios a pagarse bajo el apartado II de esta opinión, esta cuestión debe también determinarse. De no haberse pagado el arbitrio del 2 por ciento, debe retenerse del dinero a ser devuelto a la demandante en este caso.

*La sentencia de la corte de distrito será modificada, de conformidad con el apartado III, así modificada, se confirmará la sentencia, y se devolverá el caso para que se calcule la suma que deberá devolverse a la contribuyente de acuerdo con esta opinión.*

El Juez Asociado Sr. Córdova se inhibió.