JARRETT LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. R. M. REESE, *Defendant in Error*.

Opinion Filed November 11, 1913.

1. Where in an action at law to recover for services as a saw filer, the defendant pleaded that plaintiff was employed by the defendant upon his representation that he was a skillful saw filer; that he was immediately placed in full charge of defendant's saw-filing department and entrusted with the filing of four band saws of the value of ninety dollars each; that plaintiff was not a skillful saw filer, and through want of skill, and through carelessness, he so filed said saws that they were wholly ruined and worthless to the defendant, and that through the fault of plaintiff, defendant lost the value of said saws, to-wit, the sum of $360.00, and defendant is willing to set-off, and offers to set-off so much of said amount as equals plaintiff's claim—such plea is one of recoupment rather than set-off.

2. In recoupment the damages claimed by defendant must flow from the same contract as that relied on by the plaintiff, or must grow out of the same transaction as that on which plaintiff's cause of action is founded, and the defandant may recoup only to the extent of plaintiff's claim; but in set-off he may recover any excess in his favor.

Writ of error to Circuit Court, Jackson County; D. J. Jones, Judge.

Judgment reversed.

*Paul Carter*, for Plaintiff in Error;

*Smith & Davis*, for Defendant in Error.

Hocker, J.—The defendant in error sued the plaintiff in error in the Circuit Court of Jackson County, the declaration containing three counts. The first count is for a balance of $478.20 for work and labor done in and on a saw mill plant and said mill machinery of defend-

ant during 1911 and 1912, at an agreed price of $7.00 a day. The second count is for a like sum on an account stated for labor performed and work done for the defendant by plaintiff at the former's request, on and in defendant's saw mill in 1911 and 1912. The third count is for a like sum, for that defendant employed the plaintiff as a saw filer at defendant's saw mill in Jackson county at an agreed price of $7.00 per day, and that he alleges a balance due, and claims a laborer's lien on the machinery, a reasonable attorney's fee, and interest on the alleged balance from May, 1912. Damages claimed $750.00.

On January 6th, 1913, defendant filed its pleas, in substance, first, never was indebted as alleged; second, that plaintiff was employed by the defendant upon his representation that he was a skillful saw-filer; that he was immediately placed in full charge of defendant's saw-filing department and entrusted with the filing of four Band saws of the value each of ninety dollars; that plaintiff was not a skillful saw-filer, and through his want of skill, and through carelessness, he so filed said saws that they were wholly ruined and worthless to the defendant; that through the fault of plaintiff lost the value of said saws, to-wit, the sum of $360.00, and defendant is willing to set-off and offers to set-off so much of said amount as equals plaintiff's claim.

Plaintiff demurred to the second plea on the grounds, in substance, first, that said plea is vague and indefinite, and states no facts which are a defense to the suit; second, and third, in effect, that said plea seeks to plead a tort as a set-off to the contract sued upon, which is not a proper set-off. This demurrer was sustained. In April, 1913, the case was tried on the first plea, result-

ing in a verdict and judgment for the plaintiff for $491.85.

The defendant in error contends here that the second plea was demurrable because it undertook to set up by way of set-off damages resulting from an alleged tort. Section 1461 Gen. Stats. of 1906, provides: "All debts or demands mutually existing between the parties at the commencement of the action, whether the same be liquidated or not, shall be proper subjects of set-off, and may be pleaded accordingly."   *   *   *  . This section has been considered by this court in several cases. In Moulie v. Hughes, 28 Fla. 617, 10 South. Rep. 94, it held that the words "debts and demands" contained in the statute refer to matters arising out of contract, "express or implied," and several Florida cases are cited. We do not feel called upon to further examine these cases, because it appears to us that the facts set forth in the second plea and the offer in the plea "to set-off so much of the said amount *as is equal to the plaintiff's claim,*" render the plea one of recoupment rather than one of technical set-off. In recoupment the damages claimed by defendant must flow from the same contract as that relied on by the plaintiff, or must grow out of the same transaction as that on which plaintiff's cause of action is founded, and defendant may recoup only to the extent of plaintiff's claim; but in set-off he may recover any excess in his favor. 34 Cyc. 645. In this case the plea shows that defendant's claim arises out of the same contract or transaction as that relied on by the plaintiff, and defendant asks set-off only to the extent of plaintiff's claim. These facts independent of the use of the words set-off make the plea one of recoupment, and in such a plea damages for the negligent performance of the contract may be recovered, at least to the extent of

plaintiff's claim. 34 Cyc. 703, and cases cited in notes. We think the court erred in sustaining the demurrer to the second plea.

The only other assignment which is presented here arises out of the overruling of the motion for a new trial on the ground that the verdict is contrary to law and the evidence, contrary to the charge of the court, is against the preponderance of the evidence, and is excessive. As the case will have to be tried again, it is not necessary to consider these matters now.

The judgment below is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.