R. R. NESS, *Plaintiff in Error,* v. E. A. COWDERY, *Defendant in Error.*

149 So. 33.
En Banc.
Opinion filed June 7, 1933.

428.

*Baxter & Walton,* for Plaintiff in Error;

*McCune, Hiaasen & Fleming,* for Defendant in Error.

ELLIS, J.—The action was upon a promissory note. What the consideration for the note was is for the present immaterial. The briefs of counsel for the respective parties agree that the case was tried on the declaration and defendant's third additional plea. That plea was one of "set off and recoupment," see Chapter 14823, Laws 1931, and took the form of a declaration against the plaintiff in general assumpsit "for money received by the plaintiff for the use of the defendant." Archbold's Nisi Prius 168.

At common law set-off was not allowable as a defense but after the Statute 8. Geo. 2, c. 24, it was permitted in actions where the demand was for a debt in the legal acceptation of the term and not for a mere claim sounding in damages. Likewise the debt to be set-off was required to be a debt in the legal acceptation of the term and not merely a claim sounding in damages. 1 Archbold's Nisi Prius 216.

Now in 1828, by statute carried into the Compiled General Laws of 1927 as Sec. 4326, all debts mutually exisiting between the parties at the commencement of the action "whether the same be liquidated or not" were made proper subjects of set-off. That statute operated both upon the plaintiff's claim as well as upon the defendant's, and Chapter 14823, *supra,* placed recoupment and set-off in the same

class because pleas of recoupment entitled the defendant to the *same* right of recovery and to the same extent as pleas of set-off. So it is obvious that in legal effect there is little or no distinction between pleas of set-off and recoupment, but under an entirely different rule of procedure, that which requires the *allegata* and *probata* to conform, a question may arise as to the conformity of the proof of the plea. The plea of set-off and recoupment is in effect an action distinct in itself from the action of the plaintiff, and the burden of proof of such pleas must be carried by the defendant just as the burden of proof of the plaintiff's claim must be carried by the plaintiff, except that when a plea of set-off and recoupment is filed the plaintiff's cause of action is admitted and no proof by him is required except when his demand is not a debt in the legal acceptance of the term but a demand for unliquidated damages, in which case the plaintiff is put to the proof of his damages. There is no conflict between this statement of the law and the discussion of the doctrine of recoupment in Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. Rep. 264.

In the instant case the plaintiff's demand is for a debt in the legal acceptance of the term, that is to say for a certain, definite, liquidated sum which the plea admitted to be due, but the defendant by plea said in answer to the plaintiff's demand, I have a claim which mutually existed between us at the commencement of this action consisting of "money received by the plaintiff for the use of the defendant (myself)."

The trial was upon that issue alone. When the evidence in the case was concluded the plaintiff asked for an instructed verdict in his favor against the defendant for the amount of the principal and interest upon the note sued on. That motion was denied and plaintiff moved for a non-suit with bill of exceptions, which motion was granted and the

court entered its judgment that the plaintiff take nothing by his writ and the defendant go hence without day and recover of the plaintiff his costs in this behalf expended.

To that judgment the plaintiff took writ of error.

The only question presented is whether the court erred in declining the motion for an instructed verdict which is made the basis of the first assignment of error. That question involves the sufficiency of the evidence offered by the defendant in support of his plea of recoupment and set-off which took the form of a declaration by the defendant against the plaintiff for "money received by the plaintiff for the use of the defendant." The parties went to trial upon the general issue as to that plea. The burden was therefore upon the defendant to prove his "set-off, precisely in the same manner as if he were plaintiff in an action (against the plaintiff in the case) for the demand set-off." Sec. 1 Archbold's Nisi Prius 221.

That doctrine is obviously sound, because the plaintiff in an action must not only state his case in his declaration but the exact case upon which he expects to recover. He can recover only on the case made by his declaration, not on the case made by his evidence unless the latter conforms to the allegations of his declaration. If he alleges one cause of action in his declaration and proves another and different one he cannot recover. This doctrine is well settled in this State. Now the same burden rests upon the defendant when he pleads a set-off, because a plea of set-off is merely a cross action by the defendant against the plaintiff. The doctrine is sound for another reason, namely: when the defendant pleads a set-off the judgment for him or against him becomes *res adjudicata*. If it is against him he cannot afterwards maintain an action to recover the amount of the same claim. 1 Archbold's Nisi Prius 222. If on the other hand he proved his set-off he could under the English Statute re-

ferred to above have an action afterwards to recover any excess over and above what was sufficient to answer the plaintiff's demand, but under the statute of this State he may have judgment against the plaintiff in the same action for the excess. Sec. 4326 C. G. L. *supra.*

Now under a declaration in assumpsit for money received by the defendant (in this case the plaintiff) for the use of the plaintiff (in this case the defendant), it is true that the form of action is deemed a species of equitable suit and lies in all cases where in equity and good conscience the plaintiff ought to have the money he seeks to recover and the defendant ought not to retain it. To that very general statement of the doctrine however, there are some exceptions. In such an action it must appear that money has been received by the defendant which *"ex aequo et bono"* he ought to refund. So in Cullen v. Seaboard Air Line R. Co., 63 Fla. 122, 58 Sou. Rep. 182, this Court said that "This action to recover money which ought not in justice to be *kept* lies for money paid by *mistake* or upon *consideration* which *has failed,* or for money obtained through imposition, express or implied, or extortion or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under these circumstances. The gist of the action is that the defendant, under the circumstances of the case, is obliged by the ties of natural justice to *refund* the money." (Italics mine).

The evidence in behalf of the defendant does not tend to establish any one condition or situation which according to the views expressed in Cullen v. Seaboard Air Line R. Co., *supra,* constitutes the basis of an action for money received.

Counsel for the defendant did contend at the trial that the evidence tended to establish a tort resulting from a contract. A tort arising from deceitful warranties in a sale of cows. But a tort of that nature cannot be set up in support

of an action for money received. They constitute entirely different causes of action. Nor may damages arising from a breach of warranty in the sale of personal property be set up in support of a declaration for money received. The declaration gives no notice whatsoever to the defendant of the action which he is called upon to defend. It is a variance between *allegata* and proof. In fact the action of assumpsit on the count for money received by the defendant for use of the plaintiff is a definite waiver of the tort. See Chitty on Pleadings (16 Ed.) 145; 2 R. C. L. 753 Sec. 12, 760 Sec. 19; 41 C. J. 28; 2 Ency. Pl. & Prac. 1022, as to variance see Warfield v. Hepburn, 62 Fla. 409, 57 Sou. Rep. 168.

A declaration for "money received" is not supported by evidence of a breach of warranty. 2 R. C. L. 750.

Again, as contended for by counsel for plaintiff in error, if there was any liability upon a co-partnership, the vendors of the cattle, because of a breach of a warranty, it was a joint and not several liability available against only one member of the co-partnership. It was evidently in recognition of this doctrine that counsel for defendant in error maintained at the trial that the evidence tended to establish a liability in tort which is several and therefore could be held against each tort feasor severally or jointly. In any case the defendant should have properly pleaded it. Hooker v. Forrester, 53 Fla. 392, 43 Sou. Rep. 241.

The above doctrines are elementary and do not require citations of authority in support of them. Aside from that, however, it is the opinion of the writer that the evidence adduced by the defendant would not support either a breach of a warranty or a tort for the sale of diseased cattle.

Reversed.

Davis, C. J., and Whitfield, Terrell, Brown and Buford, concur.