[Civ. No. 9899.  Second Appellate District, Division One.—December 2, 1935.]

PHIL VAN NOY, a Minor, etc., Appellant, v. HENRIETTA FRANK, Respondent.

W. W. Kaye and Homer Johnstone for Appellant.

O'Melveny, Tuller & Myers, J. R. Girling and L. M. Wright for Respondent.

ROTH, J., *pro tem.*—The record in this case shows that plaintiff and appellant, Phil Van Noy, a minor, was riding in a Ford roadster, which was being operated by his brother, the owner thereof, in a southerly direction on Norton Avenue, in the city of Los Angeles.  As the Ford crossed the intersection of Norton and Second Street, it was struck at the right, rear portion thereof by an Oldsmobile operated and driven in an easterly direction on Second Street by the respondent.  The collision overturned the Ford, and appellant suffered various injuries as a direct consequence.  An action was started by appellant through his guardian *ad litem* for damages, and trial was had before a jury, which resulted in

a verdict for defendant. Judgment was duly entered thereon, and from that judgment this appeal is taken.

Appellant calls our attention to a number of errors. We do not feel that it is necessary to treat all of them, since one of the errors complained of is of such a nature that a reversal is mandatory. This error is the refusal of the trial court, despite request of the appellant submitted in due form, to instruct the jury on the doctrine of imputed negligence. Appellant requested and the court refused to give the following instruction:

"If you find from the evidence in this case that the Ford automobile mentioned in this case was, at the time of said alleged collision, owned and operated by Dorris Van Noy, and that the plaintiff Phil Van Noy neither drove the said automobile nor exercised any control or management over it whatever, then you must also find that on said occasion said plaintiff was the guest of said Dorris Van Noy, and in that event, negligence of said Dorris Van Noy, if any there was, could not under the law of negligence be imputed to the said Phil Van Noy."

The context of the requested instruction is not criticized by the respondent, and we do not find in any of the instructions given by the court or in the instructions when read as a whole, anything said or suggested about the doctrine of imputed negligence, as requested by appellant, or otherwise. Indeed, some of the instructions of the court when considered in the light of the whole charge given to the jury, suggest that negligence, if any, of Dorris Van Noy was imputable to appellant. Thus, the court instructed the jury that, "if you find from the evidence that the plaintiff was himself negligent, and that such negligence contributed proximately, no matter how slightly, to the happening of the accident, plaintiff cannot recover, and in such event your verdict will be in favor of defendant".

There is no issue of contributory negligence raised by the pleadings; it was not alleged as a separate defense, and there was no evidence which would tend to prove any contributory negligence on the part of the plaintiff. Plaintiff did not drive the car, had no responsibility for its operation, and did not participate in its operation. There is no evidence of any of these elements. The special defense of "common and joint enterprise" pleaded in the answer was withdrawn by respond-

ent prior to the submission of the case to the jury, her attorneys admitting that there was no evidence to support the same. On the admitted facts there can be no question about the nonapplication of the doctrine of imputed negligence to this case, and the propriety—indeed, necessity—of instructing the jury what the doctrine is and appropriately advising the jury that it has no application to the facts of the instant case. (*Kelley* v. *Hodge Transportation System,* 197 Cal. 598 [242 Pac. 76].)

It is undoubtedly true that a finding by a jury from conflicting evidence to the effect that one driver's negligence is the sole cause of collision, and its corollary that there is no contributory negligence on the part of the other driver, is binding upon this court. The fatal omission, however, of the trial court to charge the jury on the subject of imputed negligence is such that we cannot say that the jury did so find. It may very well be that the jury was under the impression that if there was negligence on the part of the appellant's brother that respondent was exonerated, irrespective of any negligence on the part of respondent contributing directly to the accident. It seems clear to us that the failure of the trial court to instruct on a legal question of such importance, as applied to the facts of the instant case, is prejudicial error.

The judgment is reversed.

Houser, P. J., and York, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 30, 1936.