JACKSONVILLE PAPER COMPANY v. THE SMITH & WINCHESTER MANUFACTURING COMPANY, a Corporation.

2 So. (2nd) 890
Division B
Opinion Filed May 27, 1941
Rehearing Denied July 3, 1941

*Ragland, Kurz & Layton,* for Plaintiff in Error;

*Martin H. Long* and *F. P. Hamilton,* for Defendant in Error.

THOMAS, J.—The Smith & Winchester Manufacturing Company, a corporation, brought an action of replevin against Jacksonville Paper Company, also a corporation, for the recovery of certain machinery the description of which required several pages in the affidavit in replevin, the writ, the declaration, the verdict and the judgment. The pleas were not guilty and recoupment and at the close of the testimony the court granted a motion for a judgment in favor of the plaintiff. The defendant becomes plaintiff-in-error here and the plaintiff, defendant-in-error. For the

sake of clarity we will, in our observations, refer to the parties litigant according to their respective positions in the trial court.

In the exchange of correspondence culminating in the contract, which we will later describe, there appeared significant statements by the plaintiff: "It is understood that should we build the machine for you, acceptance by you is subject to the ability of the machine to make commercially acceptable bags at the speeds we guarantee" and by the defendant: "At the same time, we are perfectly willing to pay for a machine if it will perform satisfactorily after it has been constructed."

The contract, entitled "Specifications & Sales Agreement Covering One-Garment Bag Machine," entered into between the parties to the controversy April 19, 1938, contained provisions, among others, for the delivery of machinery for the construction of "commercial garment and pants bags . . . designed for a top speed of sixty bags per minute when making the longest bags; shorter bags to be made at a somewhat higher speed," and for a purchase price of four thousand dollars, payable one thousand dollars at the time of the execution of the contract, one thousand dollars when the machine was ready for shipment and the remainder after shipment.

Simultaneously with the execution of the contract the plaintiff wrote the defendant, in a letter enclosing two copies of the agreement "covering the garment bag machine we are building for you," that a drawing depicting the machine when completed would be sent within a few days and that no reason was then known why the shipment of the completed machinery could not be made by the date mentioned in the contract,

namely, June 15, 1938. Replying to this communication a week later the defendant stated that the machine in course of construction was the first one of its kind which the plaintiff had undertaken to build and that it was understood by the writer that the merits of the apparatus would be proven before any money would be expected by the manufacturer. Shortly afterwards the plaintiff wrote the defendant, quoting a statement in a former letter, that it would be "fully responsible for the successful operation of the machine, and that you [defendant] would not be expected to accept it unless it made commercial garment bags at the speeds specified." In the same communication appeared this significant language: "Moreover, if the machine should fail to make bags as specified, you will not be expected to take the machine and your initial payment will be refunded to you." That there was no misunderstanding about the conditions on which the sale was made is evident from the reply of the defendant that although they had not examined their file they were "quite sure that there was some agreement there as to producing the machine subject to our approval in view of the fact that you had not made one previously." It was added that "This is immaterial, however, as we understand if the machine does not perform as guaranteed by you we are under no obligations and our money will be refunded," the latter reference being to a payment of one thousand dollars enclosed with the letter. The importance of the excerpts from the correspondence will develop as we treat of the questions presented for determination.

Eventually, the machinery was received and installed by the defendant and upon being placed in op-

eration was found to be defective in some particulars, whereupon, much effort and money was spent by the manufacturer, through an agent sent to the factory of the defendant, in an attempt to improve the machinery to the end that it would manufacture as many paper bags as specified in the contract. For that purpose expense was also undergone by the defendant. The deferred payments became due, were not met by the defendant and the replevin action resulted.

It is strenuously urged by the defendant that the plaintiff should not have been successful in its attempt to recover the property sold because title passed at the time of delivery and the contract was a "sale or return" transaction, while the plaintiff argues as strongly that the sale was made "on approval" and that therefore title was retained in the vendor.

It will be important when this phase of the controversy is reached to bear in mind that the property sold was not available on the market. Its characteristics were not definitely known to either the seller or purchaser because it was to be created by the former on the order of the latter. These features are particularly material in examining the delicate distinction between transactions termed "sale or return" and those denominated "sale on approval." Allied with this feature of the litigation is the objection of the defendant to the consideration of the correspondence immediately preceding the signing by the parties of the sales agreement.

It is fitting to decide at once the propriety of the admission of the correspondence and true status of the title of the property at the time of the action. The rule is that negotiations before the execution of a contract are absorbed in it. Ross v. Savage, *et al.,* 66

Fla. 106, 63 So. 148. Of course, this does not apply if there is uncertainty as to the extent of the undertaking, or if the whole transaction or some vital element of it is not incorporated. Milton v. Burton, 79 Fla. 266, 84 So. 147.

We have given at the outset the title of the instrument. Immediately following the caption is a minute description of the machine, evidently apropos the "Specifications" mentioned in the title. Then follows the statement which we have quoted with reference to the speed of operation, the promise to supply a roll of paper of a certain description for testing and terse references to cleaning and painting, to the tools to be delivered with the machine and to the guarantee that workmanship and materials shall be of good quality. The conclusion consists of a brief statement of the price and the times of payment.

We are convinced from a study of the instrument that it does not cover the whole transaction because in it are no provisions from which the court could have determined the character of the sale, that is, whether it was "sale or return" or "on approval." In these circumstances the rule announced in the last case we cited seems applicable and the correspondence was properly considered because only by doing this could be determined which of the above situations was intended, that is, whether the buyer had the option to purchase if he was satisfied with the property or the option to return if dissatisfied. There is a distinct difference between them. Guss, et al., v. Nelson, 200 U. S. 298, 26 S. Ct. 260, 50 L. Ed. 489. In Williston on Sales, Second Edition, Volume 1, page 545, paragraph 270, it is written that "The question is one of fact in every case whether the parties intend to make

approval a condition, without which the property shall not pass, or whether their intent is that the property shall pass at once with the right to return the goods." The same author continues, "Sometimes it is expressly provided that the seller shall retain title. Sometimes the contract may be put in the form of a bailment or lease, thus indicating clearly that the seller is to retain title until the buyer's option is exercised. Frequently, however, no such definite indication is made."

It is our view that in the instant case the parties did not in the "Specifications and Sales Agreement" show whether it was intended that the title pass to the defendant with right to return if the property proved unsatisfactory, or whether the title was retained in the seller to be transferred when the buyer was satisfied with his bargain. In such indefiniteness it occurs to us that it is but logical to refer to the correspondence leading up to the delivery of the property to determine the intent of the parties and when this is done we can find no fault with the conviction of the trial judge that the machinery was sent on approval, and that not having been acceptable to the defendant the plaintiff could affect its return by way of replevin.

The remaining question deals with the matter of recoupment, it being urged by the defendant that it should have been entitled to recovery for amounts it expended in an effort to bring the machine to the production guaranteed in the contract. This right was denied when a motion for an instructed verdict in favor of the plaintiff was granted at the close of the testimony.

As a preface to the discussion of this point in the case it is important to state that the plea of recoupment was intended to present a claim for moneys spent

by the defendant "for materials and labor in and about curing the defects and insufficiencies in said machine" and that no attack was made upon the plea.

We feel as the circuit judge did—we will later quote the appropriate parts of his judgment with reference to the status of the defendant's claim—that the expenditures by the defendant were so interwoven with those of the plaintiff for the same purpose that the cross-claim was properly litigable in the same action. Cobbey on Replevin (2nd ed.) page 421.

Pleas of set-off and recoupment are distinct in themselves and the burden of proof is upon the defendant who presents them. Ness v. Cowdery, 110 Fla. 427, 149 So. 33. Originally they were distinguishable because in the latter the claim must have grown out of the same transaction and no recovery was allowable for any excess found to be due the defendant. Jarrett Lumber Co. v. Reese, 66 Fla. 317, 63 So. 581.

In 1931 the Legislature passed an Act (Chapter 14823) providing that "all obligations, debts, demands and liabilities" pleadable by recoupment could be "so pleaded, and such plea shall have the same force and effect, and create the same right of recovery to the defendant as pleas of set-off, and form the proper basis for judgment in favor of the defendant in the same manner and to the same extent as pleas of set-off." The evident purpose of the statute is to remove the restriction by which the pleader was formerly prevented from recovering the amount established by him over that found to be due the plaintiff. It appears that the other feature differentiating these two de-defenses was not intended to. be extinguished, that is, the common origin of the respective claims, and this is borne out by the decision in Marianna Lime Prod-

ucts Co. v. McKay, 109 Fla. 275, 147 So. 264, announced after the passage of the Act, where this difference was recognized. In the judgment entered by the trial court, to which we have alluded, it was adjudged that the plaintiff was entitled to damages for detention of the property "but that the said defendant's damages, pleaded and proven by way of recoupment, exceed the plaintiff's damages for detention, and that therefore, no damages are allowed the plaintiff for such detention, and the defendant having elected to recoup its damages against the plaintiff's damages for detention, it is further," and then appears this significant language: "Considered, ordered and adjudged that the defendant's claims in recoupment are extinguished save and except as to so much thereof as are necessary to balance the plaintiff's damages for detention."

From these provisions the conclusion is inescapable that the defendant established amounts due it in excess of damages for detention but that recovery for the discrepancy was precluded. This, in our opinion, was error because in view of the statute the defendant was entitled to recovery if it proved under the plea a favorable balance.

In recapitulation, a plea of recoupment was filed and not challenged; the claims were shown to have resulted from the same transaction; the statute permitted recovery by the defendant and the court found that there was a balance due the defendant. In this situation we think that the case should be re-tried to determine the respective amounts owed by and to the defendant so that a proper judgment may be entered and the cause is remanded for that purpose.

It is so ordered.

Affirmed in part, reversed in part.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.