**JACKSONVILLE PAPER COMPANY, a corporation, v. THE SMITH & WINCHESTER MANUFACTURING COMPANY, a corporation.**

32 So. (2nd) 326                                June Term, 1947
October 28, 1947                                   Division A

*Ragland, Kurtz & Layton,* for appellant.

*Martin H. Long,* and *Stephen P. Smith, Jr.,* for appellee.

TERRELL, J.:

Smith & Winchester Manufacturing Company brought an action of replevin against Jacksonville Paper Company to recover possession of a paper bag machine. The vendor represented that the machine would manufacture garment bags at a specified speed. The right of possession was decided in favor of the plaintiff. See Jacksonville Paper Company v. Smith & Winchester Manufacturing Company, 147 Fla. 311, 2 So. (2nd) 890.

A plea of recoupment was entered before the replevin suit was tried. On remand to the Court below a demurrer and a motion to strike the plea in recoupment were proffered. The demurrer was sustained and defendant amended its plea of recoupment by alleging that the amounts expended by it to make the machine perform, as represented by the contract, were spent with the consent and concurrence of the plaintiff. By replication to the recoupment plea plaintiff denied that it consented to said expenditures and by amendment to the replication, denied the breach of warranty. A demurrer to the replication was overruled and the case went to trial the second time.

At the trial defendant offered an amended bill of particulars and an amended second plea enlarging its claim for damages to include pay for time spent by its plant superintendent in trying to bring the machine into satisfactory operation, and for loss of profits on production during that period. The court rejected the amended bill of particulars. The trial

resulted in a verdict and judgment for the plaintiff for the value of the bag machine, $3552.62, plus interest thereon in the amount of $1825.52, or a total of $5,378.14. The jury also awarded defendant on its plea of recoupment, $860.00, plus interest thereon in the amount of $327.07, or a total of $1,-187.08. Motion for a new trial was denied and this appeal was prosecuted.

In our previous consideration we found that the paper bag machine was sold to appellant on approval and that if it failed to produce as recommended, appellee could return it and have its contract canceled and all payments refunded. We also adjudicated plaintiff's right of possession and defendant's right to plead in recoupment and prove any damages it might have sustained. The cause was reversed for new trial to determine the respective amounts owed by and to defendant in order that proper judgment be entered.

On this appeal four questions are urged but they all revolve around the question of damages and the amount of recovery defendant may prove under its plea of recoupment. Defendant offered an amendment to its bill of particulars as the trial to include two items, "wages paid to a regular employed superintendent" and "loss of production and speculative profits." The trial court disallowed this amendment and we are shown no abuse of discretion in so doing. Knabb v. F.F.C., 144 Fla. 110, 197 So. 707; McCullough v. McCullough, 156 Fla. 326, 23 So. (2nd) 139.

It is next contended that when the trial court found that in the first trial of the case "the said defendant's damages, pleaded and proven, by way of recoupment exceed plaintiff's damages for detention," plaintiff at a new trial on the question of damages only, could not raise the issue of breach of warranty that gave rise to such damages.

This question like the previous one turns primarily on that of whether or not the trial court abused its discretion in granting plaintiff the privilege to assault the plea of recoupment. The leave to challenge the plea in recoupment having been granted, plaintiff demurred, the plea was amended and plaintiff filed its replication. The breach of warranty was

proven and the jury awarded damages in the sum of $1187.08 for the defendant.

It is suggested by counsel that this court had not previously held that in an action of replevin the defendant could by plea of recoupment, prove damages that might exceed plaintiff's damages for detention. At the first trial plaintiff did not attack the plea of recoupment and the trial court refused to permit defendant to proceed to prove damages under said plea. This being the case, it was not error to permit proof of damages under the plea. It became necessary to consider the correspondence between the parties as part of the contract, and when done, we find no error in the procedure followed or in disallowing the controversal claims.

The concluding question urged has to do with items of expense claimed under the plea of recoupment as consequential damages, but which were disallowed by the jury and the trial court.

The rule is well settled that consequential damages may be allowed by plea in recoupment on proper showing, but here the items so claimed had to do primarily with the wages of certain employees while the machine was in possession of defendant but not in operation. It appears that there was a definite agreement to make certain repairs and additions to the machine and that it would not run till these additions were made. The court below and the jury refused these claims and we find no abuse of discretion. The incidence of the contract and the transaction in sum support this holding.

The judgment below is therefore affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.