[Civ. No. 9337.   Third Dist.   May 2, 1958.]

CECIL M. BRITTON, Respondent, v. DONALD GUNDERSON et al., Appellants.

Rich, Fuidge & Dawson, Russell A. Harris and Donald McGregor for Appellants.

C. Ray Robinson, Ronald G. Cameron and Daniel J. Higgins for Respondent.

VAN DYKE, P. J.—This is an appeal from an order granting plaintiff's motion for a new trial in a personal injury action.

The accident which gave rise to this action occurred on a winter afternoon on a mountainous stretch of United States Highway 40 near Cisco Grove in Placer County. It had been snowing and portions of the road were icy. Appellant Gunderson had been driving his truck and trailer upgrade in an easterly direction. At a point approximately 100 feet west of a sharp curve he stopped behind a stalled vehicle. Gunderson waited until the stalled vehicle was able to proceed. When it continued up the grade and around the curve, Gunderson attempted to follow, but the wheels of the truck and trailer spun. Gunderson was still stopped on the highway when appellant Felix came around the curve from the east. He testified that he did not think there was sufficient room for him to pass Gunderson's truck and trailer. Consequently, he headed his automobile into the snowbank on his right, stopping more or less opposite Gunderson's truck and at such an angle that both lanes of traffic were blocked. The highway was so obstructed when the car in which plaintiff was riding came around the curve from the east. The driver applied the brakes, but the car skidded on the icy road and crashed into the front of Gunderson's truck. Respondent was rendered unconscious and there was evidence that he sustained a concussion of the brain which aggravated a preexisting epileptic condition.

At the outset of the trial appellants stipulated that there was no issue as to contributory negligence or as to respondent's status as a guest. ██ However, the court refused to instruct the jury that: "The negligence, if any, of the driver of the vehicle in which the Plaintiff was riding at the time and place involved in this trial may not be charged against the Plaintiff, Cecil M. Britton."

The jury returned a verdict in favor of appellants Gunderson and Felix and their employers, Chun King Sales and The Chronicle Publishing Company, who were joined as party defendants. The trial court granted respondent's motion for a new trial for insufficiency of the evidence and for error in refusing to give the above quoted instruction requested by respondent.

The instruction was proper and should have been given. (*Van Noy* v. *Frank*, 10 Cal.App.2d 423, 424-425 [51 P.2d 1166]; *Krupp* v. *Los Angeles Ry. Corp.*, 57 Cal.App.2d 695,

697 [135 P.2d 424]; *Hoover* v. *Striegel,* 99 Cal.App.2d 833, 839-840 [222 P.2d 963].)  The instruction was not erroneous because the word "charged" was used in lieu of "imputed."

█  Appellants argue that no prejudice ensued from refusal to give the instruction as the subject therein contained was adequately covered by the instructions on negligence, proximate cause and liability.  (*Fletcher* v. *Pierceall,* 146 Cal.App. 2d 859, 863-865 [304 P.2d 770].)  That argument was properly addressed to the trial court.  This is not an appeal from an adverse judgment, as in the Fletcher case, but an appeal from an order granting a new trial.  █  In *Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465], the Supreme Court stated:

"This court has recently reiterated the settled rule that the granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears."  (See also *Henderson* v. *Balcom,* 145 Cal.App.2d 36, 38-39 [301 P.2d 928].)

No abuse of discretion "clearly appears" in the instant case.  Moreover, further error appears in the record.

█  The trial court gave an instruction on unavoidable accident.  Since the trial of this case the Supreme Court has held that an instruction on unavoidable accident is improper. (*Butigan* v. *Yellow Cab Co.,* 49 Cal.2d 652, 661 [320 P.2d 500].)  In the cited case the Supreme Court held that instruction on unavoidable accident "obviously overemphasized defendants' case, and, . . . suggested to the jury that they should consider unavoidability as an issue or ground of defense separate and apart from the questions of negligence and proximate causation."  █  Likewise, improper was the instruction on the presumption of due care.  Appellants were not entitled to the presumption, as they testified fully as to their acts and conduct immediately preceding and at the time of the accident.  (*Nunnemaker* v. *Headlee,* 140 Cal.App.2d 666, 671-672 [295 P.2d 438]; *Bertoli* v. *Hardisty,* 154 Cal.App.2d 283, 286-287 [315 P.2d 890].)

The order is affirmed.

Peek, J., and Schottky, J., concurred.