[Civ. No. 9850.   Third Dist.   Mar. 17, 1961.]

CINDERELLA ROSS et al., Appellants, v. CHARLES EDWARD WILCOX et al., Respondents.

214

Kenneth B. Cayocca and Robert N. Zarick for Appellants.

William E. Dopkins for Respondents.

PEEK, J.—Plaintiffs appeal from an adverse judgment in a personal injury action. The case arose out of a collision between an automobile in which plaintiffs were riding as the guests of one Keyes and an automobile being operated by the defendant, Charles Edward Wilcox.

In addition to the defendant driver, C. E. Wilcox, plaintiffs' complaint also named T. R. Wilcox as the owner of the car and the remaining defendants as the employers of the defendant driver. The complaint further alleged that C. E. Wilcox was driving with the consent of the owner and in the course and scope of his employment with the other defendants. Keyes, the driver of the car in which plaintiffs were riding as guests, was not named as a defendant. The answer denied generally all of the material allegations of the complaint and alleged contributory negligence as an affirmative defense.

The testimony concerning the actual collision was in sharp conflict. Plaintiffs do not question the sufficiency thereof to support a conclusion of negligence on the part of Keyes. Their sole contention on appeal is that the trial court erred in refusing to give certain instructions offered by them on the issues of imputed negligence and proximate cause. Counsel for defendant does not attack the correctness of the instructions offered. He does, however, question the propriety of the same under the circumstances. The instructions proposed by plaintiffs are as follows:

"The vehicle in which plaintiff, CINDERELLA ROSS, was riding at the time of the accident in question was then being operated by WARD KEYES, and plaintiff was merely a guest.

"You are instructed that the driver's negligence, if any, may not be imputed to the plaintiff, Cinderella Ross, and that, therefore, you should find that there was no contributory negligence on the part of the plaintiff.

"Adapted from 210-C B.A.J.I."

"When the negligent acts or omissions of two or more persons, whether committed independently or in the course of jointly directed conduct, contribute concurrently and as proximate causes to the injury of another, each of such persons is liable.

"This is true regardless of the relative degree of the contribution. It is no defense of the defendant, CHARLES EDWARD WILCOX, that WARD KEYES, not joined as a defendant in this action, participated in causing the injury, even if it should appear to you that WARD KEYES was negligent, or even if it should appear to you that the negligence of WARD KEYES was greater in either its wrongful nature or effect.

"Adapted from 104—B.A.J.I."

"The law does not require that the negligence of defendant, CHARLES EDWARD WILCOX, must be the SOLE cause of the injury complained of in order to entitle the plaintiff to damages therefor. All that is required in either respect is that the negligence in question shall be a proximate cause of the injury complained of.

"*Griffith* v. *Oak Ridge Oil Co.*, 190 Cal. 389 at 392 [212 P. 913]."

Defendants' argument in support of the action of the trial court appears to be: (1) that they did not allege imputed negligence as a defense; (2) that the court at the outset of the trial instructed the jury that the defense of contributory negligence had been withdrawn and was no longer an issue in the case; (3) that the only evidence of negligence related to the defendant Wilcox and whether such negligence was the proximate cause of plaintiffs' injuries; (4) that therefore the question of imputed negligence was not at issue and hence, the trial court's refusal of plaintiffs' instructions was proper.

Although plaintiffs did not name Keyes as a defendant, it cannot be said that his negligence, if any, in the operation of his car was not before the jury. Nor can it be said that because the issue of contributory negligence was withdrawn and defendants did not plead imputed negligence as such, therefore that issue was not before the jury. This is an appeal by plaintiffs from the action of the trial court in failing to give the instruction under the facts as presented, not for the giving of an instruction that negligence could be imputed in the face of the pleadings and the facts to the contrary.

The significance of the refusal of the trial court to give the

instructions offered by plaintiffs is well illustrated by the subsequent request made by the jury, following the submission of the case, for further instructions upon that precise issue. The record shows that the case was given to the jury at approximately 10:40 a. m. At 2:50 the jury returned and through its foreman made the following request:

"MR. GROVES: There was one specific question several of the jurors had in mind as to the situation where there was an assumption there was a degree of negligence on the part of both or both were equally guilty. Would that prove one way or the other as far as the case was concerned?

"THE COURT: The instructions that I have read you do not help you to resolve that problem?

"MR. GROVES: I don't believe so entirely.

"THE COURT: Will Counsel approach the bench, please?

"(After a short consultation with Counsel, the Court proceeded to re-read the instructions on negligence as follows:

"The proximate cause of an injury is that cause which, in natural and contingent sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause of the one that necessarily sets in operation the factors that accomplish the injury. This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act, one element of circumstances, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such a case, each of the participating acts or omissions is regarded in law as a proximate cause.

"To give rise to liability, however, or to constitute contributory negligence, any such proximate cause must have consisted of negligent conduct.)"

The specific inquiry of the jury shows without question that at least "several of the jurors" were confused by a situation which presented a question ". . . of negligence on the part of both or both were equally guilty." And it also points up a valid reason for the rule.

The record here, as in *Van Noy* v. *Frank*, 10 Cal.App.2d 423 [51 P.2d 1166], is wholly barren of any relationship between Keyes and the plaintiffs, such as principal and agent, master or servant, or joint venturers. The record is equally barren of any evidence that plaintiffs had any control over Keyes or any supervision or direction as to the manner in

which the car was operated. Nor does defendant so contend; in fact, as previously noted, he concedes the record to be as stated. Hence, as the court held in the Van Noy case at page 425:

". . . On the admitted facts there can be no question about the nonapplication of the doctrine of imputed negligence to this case, and the propriety—indeed, necessity—of instructing the jury what the doctrine is and appropriately advising the jury that it has no application to the facts of the instant case. (*Kelley* v. *Hodge Transportation System,* 197 Cal. 598 [242 P. 76].)"

In view of the evident confusion which existed in the minds of some of the jurors, the conclusion of the court in the Van Noy case is particularly apropos:

"It is undoubtedly true that a finding by a jury from conflicting evidence to the effect that one driver's negligence is the sole cause of collision, and its corollary that there is no contributory negligence on the part of the other driver, is binding upon this court. The fatal omission, however, of the trial court to charge the jury on the subject of imputed negligence is such that we cannot say that the jury did so find. It may very well be that the jury was under the impression that if there was negligence on the part of the appellant's brother [the driver] that respondent was exonerated, irrespective of any negligence on the part of respondent contributing directly to the accident. It seems clear to us that the failure of the trial court to instruct on a legal question of such importance, as applied to the facts of the instant case, is prejudicial error."

It appears equally clear to us that, under the facts presented in this case, the failure of the trial court to so instruct the jury likewise constituted prejudicial error.

The judgment is reversed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.