CARROLL, Judge.
This was an action for damages, for personal injuries arising from a collision between two automobiles at a street intersection in Dade County. A jury trial resulted in a verdict and judgment for the plaintiffs. The defendants appealed, and plaintiffs filed certain cross assignments of error.
One of the automobiles involved was owned by the plaintiff Frank Cline. It was used by his granddaughter, Barbara Cross, who lived with the Clines, to transport herself and Mrs. Cline who did not drive. Barbara drove to work daily in the car and half the time drove Mrs. Cline to work. On the morning the accident occurred-Barbara was driving herself and Mrs. Cline to work, proceeding east on Northwest 119th Street at approximately 35 miles per hour. The other car involved in the accident, owned by the defendant Albert J. Smith, was occupied and being driven by his-wife, the defendant Martha Bray Smith. She was proceeding west on Northwest 119th Street. The collision occurred at the intersection of that street with Noithwest *554 12th' Avenue. Neither is a one-way street. Northwest 12th Avenue is a two-lane street, controlled there by a stop sign. Northwest 119th Street is a four-lane street, without traffic control at that intersection.
As the Cline car approached the intersection it was in the right hand or outer lane of the two provided for eastbound traffic. A school bus was in the left hand eastbound lane, a car length' or car length and a half ahead of the Cline car. The school bus slowed down and commenced a left turn, going north on 12th Avenue. The driver of the Cline car saw the Smith car approaching from the opposite direction and observed that it was turning left to proceed south on 12th Avenue. The Cline car slowed down somewhat, passed the school bus on the right and proceeded into the intersection, where the collision occurred between it and the left turning Smith car in the southeast quadrant. The driver of the Cline car said that when she saw the Smith car making a left turn she assumed it would yield to her. The driver of the Smith car did not see the Cline car until close to the time of the impact.
Mrs. Cline, who suffered injuries, sued Mr. and Mrs. Smith, the owner and driver respectively of the Smith car. Mr. Cline joined, seeking damages for loss of his wife’s services and consortium, and for her medical expenses. The defendants denied negligence and pleaded contributory negligence of the driver of the Cline car.
As grounds for reversal and new trial, appellants argued the court erred (1) by refusing to allow in evidence applicable provisions of the traffic code of Metropolitan Dade County, specifically the Metropolitan municipal ordinance relating to vehicles passing on the right[1] and the ordinance requiring one making a left hand turn in an intersection to yield to traffic approaching from the opposite direction,[2] and (2) by refusing to charge the jury on the effect which negligence of the driver of the Cline car would have on the right of Mr. Cline to recover,[3] and on Mrs. Cline’s claim if it should be found that Mrs. Cline had control or a proprietary interest in the car.[4] And finally there was a contention that the charges given tended to confuse the jury, particularly a charge as to contribu *555 tory negligence of Mr. Cline, who, as appellants point out, was not a participant.
Those several contentions of the appellants have merit, and we reverse the judgment. At the trial, the attorneys for the defendants offered in evidence and proffered the traffic ordinances shown in footnotes 1 and 2. Objections to their admission were sustained. There may be a question as to whether such ordinances should be treated as evidence (as are municipal ordinances), or whether because enacted by the governing body of Metropolitan Dade County under its home rule law making power they should be treated as “laws” and presented to the jury as charges given by the court. We need not now determine that question because the point was not raised, and at the trial the attorneys and court regarded the traffic regulations as being municipal ordinances. Cf. City of Miami Beach v. Cowart, Fla.1960, 116 So.2d 432.
This case presented questions for jury determination as to the negligence vel non of each of the two drivers. The traffic ordinances offered in evidence were material and should have been permitted to go before the jury for their guidance in resolving the negligence issues, that is, in determining the duties of the drivers and deciding whether either or both were negligent.
It was apparent that if the jury should find that negligence of the two drivers combined to cause the accident, and that some substantial negligence of each of the drivers was a contributing proximate cause, then the contributory negligence of Barbara Cross, the driver of the Cline car, would operate to bar recovery by the plaintiff Frank Cline, the owner of that car. Weber v. Porco, Fla.1958, 100 So.2d 146; McCurdy v. United States, 5 Cir. 1957, 246 F.2d 67. Also, it was for the jury to determine under proper instructions whether Mrs. Cline had such control of the use of the car or such proprietary interest therein as to cause the driver’s contributory negligence to be imputed to her. See Weber v. Porco, supra; 3 Fla.Jur., Automobiles, § 156.
The two charges requested by the defendants, which are quoted in the margin, were tailored to the propositions just stated, and it was prejudicial error for the court to reject them. We have examined the charges given and find they do not otherwise supply the omission which resulted from the refusal to give those requested charges.
We have considered the cross assignments filed by the plaintiffs by which they contended directed verdict should have been granted and find them to be without merit.
For the reasons stated the judgment is reversed and the cause is remanded to the circuit court for a new trial.
Reversed and remanded.

. “Sec. 30-41. When overtaking and passing on right is permitted. A driver of a vehicle may overtake and pass upon the right of another vehicle upon a one-way street, or upon any roadway on which traffic is restricted to one direction of movement or where the roadway is free from obstruction and of sufficient width for two or more lines of moving vehicles, but only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.”

. “Sec. 30-49. Left turns. The driver of a vehicle within a intersection intended to turn to the left shall yield the right-of-way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.”

. The requested charge read: “Under the law of'Florida, the acts of a driver who is agent for another are imputed or charged to that • other person, who is known" as the Principal. Where an own- • er"-entrusts his automobile- to another per-; son to drive, then the negligence of that driver, in this case Barbara Bee Cross, is imputed to the owner. Therefore, if you find that Barbara Bee Cross was in any appreciable degree negligent at the time and place of the accident, and that her negligence was a proximate contributing cause to the accident, then the plaintiff Frank D. Cline may not recover in this action against the defendants.”

. This requested charge was as follows: “If you should find from all the evidence that at the time and place of the accident the driver of the plaintiffs’ vehicle, Barbara Bee Cross, was acting as the agent for the plaintiffs Mr. and Mrs. Cline, then and in that event the negligence, if- any, of Barbara Bee Cross would be imputed to the .plaintiff Mrs. Beulah Cline. If you should find from all the evidence that the negligence, if any, of Barbara Bee Cross was a proximate ' contributing- cause of this accident, and that at such time and place Barbara Bee Cross was .the agent of the plaintiff Mrs. Beulah Cline, then, and ip that event - neither plaintiff can recover.”