162 So.2d 910 (1964)
RAYDEL, LTD., a corporation, and Alice Ross Soper, Appellants,
v.
Rachel MEDCALFE, Appellee.
No. 63-215.
District Court of Appeal of Florida. Third District.
April 14, 1964.
Rehearing Denied May 4, 1964.
*911 Blackwell, Walker & Gray and Robert G. Young and James E. Tribble, Miami, for appellants.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for appellee.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
TILLMAN PEARSON, Judge.
The appellants were defendants in the trial court where the plaintiff-appellee Rachel Medcalfe received a verdict and judgment. The action arose out of an automobile accident in which Mrs. Medcalfe was injured. She alleged liability in the defendants because of their ownership of the car in which she was riding. The negligence alleged was that of Henry Medcalfe, the plaintiff's husband.
Mr. and Mrs. Medcalfe were hired by Mr. and Mrs. Soper as domestic servants. Mrs. Medcalfe was a cook and Mr. Medcalfe was a chauffeur and handy man. Both the couples lived in Montreal, Canada but the Sopers maintained a winter home in Delray Beach, Florida. In 1957, although the Medcalfes owned an automobile, they stored it in Montreal and by arrangement with their employers drove their employers' car to Florida. An understanding had been reached whereby the employees would have the right to use a second car owned by the Sopers for personal transportation during the stay in Florida.
Mr. Soper died in February of 1958 but in December of that year the same arrangement as to the automobiles was made by Mrs. Soper with Mr. and Mrs. Medcalfe.
On the day that the accident occurred, the Medcalfes were given a Sunday off and were using the second car with Mrs. Soper's consent. They were going fishing.
Mrs. Medcalfe sued Mrs. Soper and a corporation, Raydel, Ltd., for her injuries. The automobile was owned by the corporate defendant, which is a family corporation controlled by the individual defendant Alice Ross Soper. The alleged vicarious liability of the defendants is based upon the dangerous instrumentality doctrine and charges the defendants with the negligence of the husband in driving the automobile which the defendants owned and controlled. The trial judge granted a summary judgment *912 for the plaintiff-appellee on the issue of liability. After a trial on the issue of damages alone the plaintiff received a verdict and a judgment for $90,000.00. This appeal followed. We affirm.
The appellants have presented five points on appeal. For the purpose of discussion these points may be summarized in terms of the issues presented, as follows:
1. Did the plaintiff come within the purview of the Florida Guest Statute?[1]
2. Was the husband's negligence imputed to plaintiff?
3. Did the trial judge abuse his discretion in denying defendant's motion for a continuance of the hearing on plaintiff's motion for summary judgment?
4. Did the trial judge err in allowing certain medical testimony?
5. Did the trial judge err in allowing the plaintiff, a married woman, to recover for her own medical expenses?
Upon the first point the defendant, appellants, urge that Mrs. Medcalfe was barred from recovery because she was a guest passenger and gross negligence was not alleged or proved. The question of Mrs. Medcalfe's status arose at the time of the summary judgment for plaintiff as to liability. It is implicit in the granting of the summary judgment as to liability that the trial judge held that Mrs. Medcalfe was not a guest passenger.
As between the plaintiff and her employer it appears without genuine issue of material fact that the plaintiff was not a guest because the use of the automobile constituted a part of the consideration given by Mrs. Soper in return for the services of Mrs. Medcalfe. Peery v. Mershon, 149 Fla. 351, 5 So.2d 694; Miller v. Morse Auto Rentals, Fla.App. 1958, 106 So.2d 204. Cf. Brown v. Killinger, Fla.App. 1962, 146 So.2d 124. It was established by the deposition of Mrs. Soper that she agreed to let the Medcalfes use the Ford car in a continuation of her husband's arrangement. Her testimony shows that the agreement was made (1) to get the Medcalfes to drive her car to Florida and (2) to keep them happy on the job.
Just what constitutes "compensation" for a job is not always easy to determine but it is certainly not limited to money. See Brown v. Killinger, Fla.App. 1962, 146 So.2d 124. In the instant case it appears without dispute that the use of the car was not something given but something bargained for. The defendant Soper cannot now be heard to urge that the use of the car was given only from friendship. There was no dispute on the factual basis for this conclusion and there is no reasonable inference to the contrary from the facts.
We, therefore, hold that upon the basis of the relationship to the driver and the basis of the relationship between the owner and the plaintiff, the court correctly determined that the Florida Guest Statute did not apply under the facts of the case.
The second point requires further examination of the relationship of the parties. *913 The appellants urge that as a matter of law the negligence of the husband was imputed to the plaintiff wife because the automobile had been entrusted by the defendant-employer to the plaintiff-employee and her husband jointly for their use on their day off. One additional fact must be mentioned in discussing this point; it is that the plaintiff, Mrs. Medcalfe, could not drive an automobile.
This point, like the first, arose from the granting of plaintiff's motion for summary judgment upon liability. Here again the trial judge implicitly held as a matter of law that the husband's negligence was not imputed to the wife for to have held otherwise would have given life to defendants' plea of contributory negligence.
We have already determined that the record supports without issue the fact that Mrs. Medcalfe received the enjoyment of the transportation afforded by the car as a part of her compensation for her job. Appellant says that since Mrs. Medcalfe received the right to be transported jointly with her husband she was entitled to an equal voice in the use of the car. Because she could not drive she entrusted her share in the use of the car to her husband so that they could embark on a joint undertaking, the fishing trip. Therefore, appellants urge, the plaintiff having relinquished to her husband her share in the possession and control of the automobile, she became a sort of intermediate owner and was bound by his negligence.
It has been held that an owner-wife is bound by the contributory negligence of a driver-husband in an intersection collision upon a resultant action against the other driver. Weber v. Porco, Fla. 1958, 100 So.2d 146. This holding was reached upon the reasoning that the rule of respondeat superior has been consistently applied in recognizing the liability of an owner of an automobile for the negligent operation of his automobile by one who drives with his expressed or implied permission, knowledge or consent.
Since the preparation of the briefs in this case, this Court has published an opinion dealing with a closely allied situation. See Smith v. Cline, Fla.App. 1963, 158 So.2d 553. Frank Cline and Beulah Cline, husband and wife, were plaintiffs. Frank Cline owned the automobile which was involved in a collision at a street intersection. The car was being driven by the plaintiffs' granddaughter Barbara. Mrs. Cline did not drive. Barbara drove to work daily in the car and half the time also drove Mrs. Cline to work. On the morning of the accident, Barbara was driving herself and Mrs. Cline to work. Mrs. Cline and her husband sued the other driver. We held that a jury question was presented as to whether Mrs. Cline had such control of the use of the car or such proprietary interest therein as to cause the driver's contributory negligence to be imputed to her.
But this is not the same question now presented. Our question is whether the wife as joint entrustee is barred in an action against the owner because the driver is one who drives with her consent. Appellants urge that the reasoning employed in the Weber opinion should apply and specifically point to Metzel v. Robinson, Fla. 1958, 102 So.2d 385 and Re-Mark Chemical Co. v. Ross, Fla.App. 1958, 101 So.2d 163 as authority for the contention that the imputed negligence should "follow the chain of command."
In each of the cases discussed the issue was between the passenger and the owner or operator of another car. In this case the issue is between the passenger and the owner whose liability, if any, is founded upon the active negligence of the driver. In Hale v. Adams, Fla.App. 1960, 117 So.2d 524, the court had the question of whether the owner of a motor vehicle driven by another with his consent is entitled to recover damages against the driver for negligence in the operation thereof. It is apparent that in the Hale case the court had the question of imputed negligence against active negligence. Thus the Hale case may be distinguished from Weber v. Porco, Fla. *914 1958, 100 So.2d 146, discussed above. In the Weber case the Supreme Court dealt with imputed negligence as against the negligence of the driver of another car.
In holding that the owner could sue his driver, the District Court of Appeal, First District in the Hale case reasoned as follows:
"The rule is also established that the owner of an automobile is liable to a third party for damages resulting from the negligence of the automobile's driver, who is operating with the owner's knowledge and consent, for the reason that the driver's negligence is imputed to the owner. At first blush it might seem logical to conclude from this rule that the owner, as the principal, could not sue the driver, his agent, for negligence because, if the driver's negligence is imputed to the owner, any negligence proven against the driver would be immediately imputed against the owner who would thus be barred from recovery. Such a conclusion is not sound, however, for the simple reason that the doctrine of imputed negligence has no application in an action by a principal against his agent. Also, a defendant should not be permitted to defeat an action on the ground that he was guilty of wrongdoing.
"Counsel on this appeal have cited to us no Florida case, and our independent research has revealed none, in which the question was discussed or determined whether the owner of an automobile can bring an action for negligence against the driver operating it with his knowledge and consent. We join with those jurisdictions which hold that imputation of the driver's negligence to the owner has no application in a suit by the owner against the driver, even though such imputation would be imposed on the owner in a suit brought against him by a third party. See: Urquhart v. McEvoy, 1953, 204 Misc. 426, 126 N.Y.S.2d 539; Smalt v. Rider, Sup. 1950, 126 N.Y.S.2d 868; Dosher v. Hunt, 1955, 243 N.C. 247, 90 S.E.2d 374; Darman v. Zilch, 1936, 56 R.I. 413, 186 A. 21, 110 A.L.R. 826; Rodriguez v. State Farm Mutual Insurance Co., La. App. 1955, 88 So.2d 432; Sackett v. Haeckel, 1957, 249 Minn. 290, 81 N.W.2d 833; Morris v. Cochran, 1958, 98 Ga. App. 786, 106 S.E.2d 836. See also annotation in 50 A.L.R.2d at page 1301. The rule announced is in line with the established law of Florida, in which suits by principals against their agents for negligence are generally allowable. See Jarrett Lumber Co. v. Reese, 1913, 66 Fla. 317, 63 So. 581, and 1 Fla.Jur., Agency, par. 57 and 58."
We think this reasoning applies to the present case. Inasmuch as the plaintiff, Mrs. Medcalfe, was at best in the position of one having some control over the use of the car, she should not be barred in an action against the driver. If she can sue the driver she can sue the owner who is, under the dangerous instrumentality doctrine, responsible for the driver's negligence. May v. Palm Beach Chemical Company, Fla. 1955, 77 So.2d 468. We hold, therefore, that appellants' second point is not well taken and the driver's negligence was not imputed to Mrs. Medcalfe to bar her suit.
We turn to appellants' third point, which is that the trial judge abused his discretion in denying defendant-appellants' motion for continuance in order to take the deposition of the witness, Mr. Medcalfe.
The complaint in this case was filed on January 25, 1962. Some nine months later, after extensive discovery had been taken both in Florida and in Montreal, Canada, the plaintiff filed her motion for summary judgment on the issue of liability, with supporting affidavits. The hearing on the motion was regularly set, as required by Florida Rules of Civil Procedure, 1.36(c), 30 F.S.A. more than ten days later, on November 20, 1962. The defendants filed no *915 affidavits opposing the motion, but on November 15th filed a motion to continue the summary judgment hearing so as to permit them to secure an affidavit or take the deposition of Henry Medcalfe.
Rule 1.36(f)[2] Florida Rules of Civil Procedure sets out the procedure to be followed where more time is needed to prepare for an opponent's motion for summary judgment. The motion for continuance was not sufficient and the trial judge cannot be said to have abused his discretion under the rule stated in Cia Ecuatoriana De Aviacion v. U.S. & Overseas Corp., Fla. App. 1962, 144 So.2d 338.
Under appellants' fourth point we are directed to the testimony of Dr. Jarrett, a psychiatrist and neurologist, who testified for the plaintiff at the trial on damages. It is contended that because this physician's testimony was based on a statement of medical history given him by the plaintiff, it was error to overrule defendants' objection thereto. See Marshall v. Papineau, Fla.App. 1961, 132 So.2d 786; and cases cited in annotations at 65 A.L.R. 1217, 51 A.L.R.2d 1051. We hold the objection to have been properly overruled because the witness was not called upon to testify only from a medical history given to him by the patient but was called upon to testify as to the findings from his examination as well. The fact that he depended for the accuracy of his medical finding on information gained in part from the plaintiff may well be said to affect the weight to be given his testimony but it was not a ground for its exclusion. See City Wide Trucking Corp. v. Ford, 113 U.S.App.D.C. 198, 306 F.2d 805 (D.C. Cir.1962).
The last point presented (No. 6) urges that it was error to allow Mrs. Medcalfe to recover for her own medical bills because under the law of this state her husband was primarily liable. Busby v. Winn & Lovett Miami, Inc., Fla. 1955, 80 So.2d 675. The trial judge reached the conclusion that as to the responsibility of the plaintiff for her medical bills, he should apply the law of her domicile. Under the law of the province of Quebec, Canada, which was proved to be Mrs. Medcalfe's domicile, she is primarily liable for her own medical bills. The ruling of the trial judge is in accord with the holding of this court as expressed in Pagano v. Morrison's Textiles, Inc., Fla. App. 1963, 149 So.2d 897.
Having considered each of appellant's points and being convinced that no reversible error has been made to appear, the judgment is affirmed.
Affirmed.
CARROLL, Judge (dissenting).
I respectfully dissent, and would vote to reverse the judgment and remand the cause with direction to enter summary judgment for defendants.
The plaintiff Mrs. Medcalfe is on the horns of a dilemma. If she was not a co-bailee for hire of the car with her husband, then she was a guest passenger of the operator, and under § 320.59, Fla. Stat., F.S.A., was required to show his gross negligence. The alternative is that Mrs. Medcalfe was a co-bailee for hire of the car with her husband who was driving and whose negligence was the proximate cause of her injuries. In the latter situation her proprietary interest in the car, if it may be considered as a legal equivalent to the interest of an owner or lessee, caused the driver's negligence to be imputed to her, so as to bar any recovery by her based upon his negligence. Weber v. Porco, Fla. 1958, *916 100 So.2d 146; Re-Mark Chemical Co. v. Ross, Fla.App. 1958, 101 So.2d 163, 165; Smith v. Cline, Fla.App. 1963, 158 So.2d 553.
The liability of the defendants is vicarious and grows out of the driver's negligence. Therefore, in order to recover against the defendants Mrs. Medcalfe would have to be entitled to recover from the driver; but imputation of the driver's negligence to her as part owner or proprietor of the car would preclude that.
In the majority opinion, the court overcame that obstacle to recovery by the plaintiff by holding or assuming the driver was the agent of Mrs. Medcalfe, relying on the case from the first district, Hale v. Adams, Fla.App. 1960, 117 So.2d 524, where it was held that the rule established in Weber v. Porco, supra, that a driver's negligence or contributory negligence is imputed to the owner, will not apply to bar recovery in a personal action by the owner of a car against the driver thereof when the driver was the agent of the owner. I find no such agency here, and consequently I am unable to agree with that solution of the case.
NOTES
[1] Section 320.59 F.S.A. provides:

"No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state."
[2] Rule 1.36. Florida Rules of Civil Procedure provides:

"(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or decree or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."