PER CURIAM.
This is an appeal by the plaintiff from a final judgment entered upon a jury verdict for the defendant. The appellant was a passenger in a car which was involved in an intersectional collision. The error assigned is the refusal of the court to give an instruction that the negligence, if any, of the driver of the car in which appellant was a passenger was not imputed to the plaintiff-appellant.
The instruction should be given in every case when applicable and the failure to give it when applicable will constitute reversible error. Ross v. Wilcox, 190 Cal. *916 App.2d 213, 11 Cal.Rptr. 588 (3d Dist.Ct. App., 1961); Britton v. Gunderson, 160 Cal.App.2d 66, 324 P.2d 938 (3d Dist.Ct. App., 1958); Van Noy v. Frank, 10 Cal. App.2d 423, 51 P.2d 1166 (2d Dist.Ct.App., 1935); Hirsch v. Chapman, 109 Ga.App. 444, 136 S.E.2d 409 (Ct.App., 1964); Reed v. Hostetler, 245 S.W.2d 953 (Ky.1952); cf. Hammack v. Viellette, Fla.App.1970, 233 So.2d 836, with Smith v. Cline, Fla.App. 1963, 158 So.2d 553. The question for determination here is whether the instruction was applicable.
The defendants plead that “the plaintiff is guilty of contributory negligence proximately causing and contributing to the said accident.”
Counsel for the defendants in his opening statement referred to the plea of contributory negligence of the passenger’s driver as being a complete defense to the plaintiff’s right to recover. This was upon the theory that her driver’s negligence would be imputed to her.
During the course of the trial the court ruled, and correctly so, that the negligence of the driver of the car in which the plaintiff was riding would not be imputed to her. Thereupon, the defendants maintained that the sole proximate cause of the accident was the negligence of the plaintiff’s driver.
At the charge conference the plaintiff’s counsel requested that a charge be given that set forth that the negligence, if any, of the driver of the car in which plaintiff was riding could not be imputed to the plaintiff. This charge of plaintiff’s was denied and no charge dealing with this issue was given by the court.
We have considered the jury instructions in their entirety and have concluded that the court erred in denying an instruction on this issue. We reach this conclusion especially in view of the fact that the issue was pleaded in the answer and presented to the jury by way of the defendant’s opening statement.
For the reasons stated, the judgment is reversed and the cause remanded for a new trial.